BORN et al. v. PERKINS.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

INSURANCE ☞812—FRATERNAL BENEFICIARY INSURANCE—ACTION FOR BENEFITS—LIMITATION.

Under the insurance benefit provisions of a cigar makers' union, that on becoming a member of the union each member should designate the person to whom the death benefits should be paid, and that if he made no designation by will, and no claim to such benefits was made by any such person or his heirs, or representatives within one year after the death of the member, all claims should lapse and the benefits should revert to the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

union, a claim by a member's heirs, not made until four years after his death, and after the benefits had reverted to the union, was barred, notwithstanding the heirs did not sooner learn of his death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1993; Dec. Dig. ☞812.]

Action by Wallac Born and another, as sole heirs at law of James Born, deceased, against G. W. Perkins, as president of the Cigarmakers' International Union of America. Exceptions by the plaintiff upon the trial at the Trial Term were directed to be heard in the first instance by the Appellate Division, pursuant to an order of Mr. Justice Hasbrouck, dated January 5, 1916, in Albany county. Exceptions overruled, and complaint dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William Goldberg, of Albany (Louis J. Rezzemini, of Albany, of counsel), for plaintiffs.

Mills & Mills, of Albany (Borden H. Mills, of Albany, of counsel), for defendant.

WOODWARD, J. The complaint in this action alleges that the Cigarmakers' International Union of America is an unincorporated association having an insurance benefit, and that one James Born was a member of a local union in the city of New York, in good standing, at the time of his death on the 4th day of May, 1909, and had been a member in good standing for a period of 15 years. Section 146 of the by-laws, it is claimed, provides that, if the member has been such member for 15 consecutive years, the beneficiaries named or provided by law shall be entitled to receive $550 on his death. The pleadings admit the most of the material allegations of the complaint, and the important question in the case is whether the plaintiffs have a right to recover the amount named 4 years after the death of James Born; the by-laws providing that the right to such benefit shall be limited to one year after the death of the insured.

The by-law, which does not appear to be in full and which is not shown in connection with the insurance scheme generally, provides, so far as appears in the pleadings, that:

"The International Union shall pay to the persons hereinafter mentioned, upon the death of a member, the following sums: * * * Third—If the member has been such for at least fifteen consecutive years, five hundred and fifty dollars. When becoming a member of the union each member shall designate the person to whom the aforesaid beneficiary money shall be paid, or he may name, as such person, his heirs, or he may name, as such beneficiary, his legatees. * * * If he shall fail to make any such designation, and shall not leave a will in which he shall make such designation, or if no claim in writing, duly verified by the claimant, to such beneficiary money, is made by any of the above mentioned persons, or their heirs or legal representatives, within one year after the death of the member, all claims therefor shall lapse and end, and said beneficiary money shall revert to the union. A member may change his beneficiary, * * * but in case any member shall fail to so designate by will or otherwise to whom said sum shall be paid, the sum above mentioned shall be paid to the heirs at law."

The parties to this insurance contract mutually agreed that the sums mentioned should be paid to a person named on the member joining

the union, his heirs, or his legatees, and that, in the event of the member failing to designate the person, the payment should be made to his heirs at law. This was conditioned, however, upon the claim being presented "in writing, duly verified, by the claimant to such beneficiary money," "by any of the above-mentioned persons, or their heirs or legal representatives, within one year after the death of the member," and, failing this, the benefit was to lapse and become the property of the union. The parties clearly had a right to make this agreement, and we know of no rule of law which would justify holding that, merely because the heirs at law of James Born did not learn of his death until 4 years after that event the fund which had become vested in the union should be taken away and vested in these plaintiffs. The suggestion that the clause which provides that if the member has failed to make a designation the "sum above mentioned shall be paid to the heirs at law" is freed from the limitation of one year is wholly without merit. The original clause, providing the benefit, gives the insured the option of naming a beneficiary, or of designating his heirs at law or his legatees, and then the language is that:

"If no claim in writing * * * is made by any of the above-mentioned persons [his appointees, his heirs at law, or his legatees] * * * within one year after the death of the member, all claims therefor shall lapse and end," etc.

Clearly the heirs at law were as much required to make the claim in writing as any of the other persons mentioned, and the effort to avoid the conditions upon which the benefit was to be paid must fail.

The complaint should be dismissed, with costs.

Exceptions overruled, and complaint dismissed, with costs. All concur.