WALLACE BORN et al., as Sole Heirs at Law of JAMES
    BORN, Deceased, et al., Appellants, *v.* G. W. PERKINS,
    as President of CIGARMAKERS' INTERNATIONAL UNION
    OF AMERICA, Respondent.

*Born* v. *Perkins*, 173 App. Div. 214, affirmed.

(Argued March 13, 1918; decided March 26, 1918.)

APPEAL from a judgment, entered August 5, 1916,
upon an order of the Appellate Division of the Supreme
Court in the third judicial department, overruling
plaintiffs' exceptions, ordered to be heard in the first
instance by the Appellate Division, denying a motion for
a new trial and directing a judgment in favor of defend-
ant dismissing the complaint in an action to recover a
death benefit alleged to be due pursuant to a provision
of the by-laws of the defendant Cigarmakers' Inter-
national Union. The sole question at issue was the
proper interpretation of a portion of section 146 of such
by-laws, the essential part of which is as follows: " When
becoming a member of the union each member shall
designate the person to whom the aforesaid beneficiary
money shall be paid, or he may name, as such person,
his heirs, or he may name, as such beneficiary, his legatees
* * *. If he shall fail to make any such designation,
and shall not leave a will in which he shall make such
designation, or if no claim in writing duly verified by the
claimant, to such beneficiary money, is made by any of the
above mentioned persons, or their heirs or legal repre-
sentatives, within one year after the death of the member,
all claims therefor shall lapse and end, and said beneficiary
money shall revert to the union.

" A member may change his beneficiary at any time
by notice in writing to the secretary of the local union.
For this purpose blanks shall be furnished by the Inter-
national President. But in case any member shall
fail to so designate, by will or otherwise, to whom
said sums shall be paid, the sums above mentioned
shall be paid to the heirs-at-law. All international

and local indebtedness due by said deceased member shall be deducted from the death benefit due." It was admitted that the deceased member never made any designation of a beneficiary, either in the mode provided by the by-laws, or by will. It appeared that the plaintiffs did not learn of the death of said deceased and, therefore, made no claim for payment of such benefit money until more than one year after the death of the deceased. Plaintiffs contended that under the second paragraph of the section above quoted the heirs at law were entitled to payment without compliance with the requirement of the first paragraph that a claim in writing should be made within one year. Furthermore that they, not having knowledge of the death, were excused from compliance with such requirement until a reasonable time after they had obtained such knowledge.

*William Goldberg* and *Louis J. Rezzemini* for appellants.

*Borden H. Mills* for respondent.

Judgment affirmed, with costs, on opinion of WOODWARD, J., below.

Concur: CHASE, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and HOGAN, J.