LUKAZEWSKI v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

1. INSURANCE—CONSTRUCTION OF CONTRACTS—FORFEITURES.

While courts will not write new contracts for the parties, they will construe insurance contracts in a reasonable manner so as to avoid forfeitures arising from failure of the beneficiary to perform an impossible act.

2. BENEFICIAL ASSOCIATIONS—ACTION—DEATH—LIMITATION OF ACTIONS.

Action against fraternal beneficial association by beneficiary under death benefit certificate, providing that absence or disappearance of a member was not to be regarded as any evidence of death until expiration of his life expectancy and then only if dues had been kept up and limiting period for actions thereunder to one year from death *held*, timely brought, where, although beneficiary paid dues and assessments and made diligent search, she did not learn of his death for over seven years after its occurrence and then brought action within a year, since, under the circumstances, it is not reasonable to suppose the parties intended the limitation to begin prior to discovery of death.

3. INSURANCE—EVIDENCE.

The holder of an insurance policy cannot reasonably be supposed to give proof of a fact of which he himself is ignorant through no neglect or carelessness on his part.

4. BENEFICIAL ASSOCIATIONS—ACTION—LIMITATION OF ACTIONS.

Action under death benefit certificate by beneficiary *held*, not barred by provision therein limiting period for bringing one to one year after death of member, where beneficiary has kept policy alive by regular payment of dues and assessments and did not learn of maturity of certificate for over seven years after member's disappearance and death.

5. CONTRACTS—FORFEITURE—CONSTRUCTION.

A contract should not be construed so as to forfeit the rights of one of the parties to it unless the language employed imperatively requires such construction, an interpretation which gives effect being preferred to one which makes void.

6. SAME—REASONABLE CONSTRUCTION.

A contract must have a reasonable construction.

7. INSURANCE—FORFEITURE—IMPOSSIBLE ACTS.

A life insurance policy should not be forfeited because of failure to perform an impossible act.

8. BENEFICIAL ASSOCIATIONS—LIMITATION OF ACTIONS—DEATH—DISCOVERY—PRESUMPTION.

Since cause of action of beneficiary under death benefit certificate issued by beneficial association did not accrue until her discovery of. the member's death over seven years after its occurrence and certificate denied beneficiary the right to establish death by presumption of death from absence or disappearance, the statute of limitations did not bar action begun within a year after discovery (3 Comp. Laws 1929, § 13976).

9. SAME—WAIVER—FORMAL PROOFS OF DEATH.

Beneficiary under death benefit certificate issued by fraternal beneficiary association *held,* entitled to begin suit at once without presenting formal proofs of death upon defendant's absolute denial of liability together with its waiver of further proof of identity.

10. SAME—DAMAGES—LOCAL DUES.

In action by beneficiary under death benefit certificate issued by national fraternal beneficial association when deceased joined its local camp, commenced after beneficiary had paid dues and assessments for upwards of seven years after his disappearance and death but within a few months after plaintiff's discovery of death, plaintiff *held,* entitled to recover face amount of certificate with interest from date of denial of liability and assessments plus interest from dates of payment but not dues payable to local camp according to its own by-laws and retained by it, where record as 'to such dues does not warrant disturbance of finding of trial judge as to that item.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 22, 1935. (Docket No. 42, Calendar No. 37,792.) Decided March 5, 1935.

Assumpsit by Mary Lukazewski against Sovereign Camp of the Woodmen of the World, a Nebraska corporation, as beneficiary of a death benefit

certificate issued to Boleslaus Grusjczynski, deceased. From judgment for plaintiff for alleged insufficient amount, she appeals. Remanded for entry of modified judgment for plaintiff.

*Norman R. Wyckoff (Charles E. Moore* and *Cyril E. Bailey,* of counsel), for plaintiff.

*Joslyn, Joslyn & Joslyn,* for defendant.

BUTZEL, J. On December 9, 1921, one Boleslaus Grusjczynski received a $1,000 death benefit certificate from the Sovereign Camp of the Woodmen of the World, a Nebraska corporation, upon joining its local camp at Detroit, Michigan. Mrs. Mary Lukaszewski, sister of the insured and plaintiff herein, was named as beneficiary. The certificate provided that the absence or disappearance of the member was not to be regarded as any evidence of death, nor entitle the beneficiary to recover on the certificate, in the absence of proof of the insured's actual death, aside from and unassisted by any presumption arising by reason of such absence or disappearance, until the expiration of the life expectancy of the insured, and then only in case all dues and assessments had been properly kept up; that this provision should remain operative notwithstanding any statute or rule of common law of any State or country to the contrary. The certificate further·provided that no legal proceedings for recovery under the certificate could be brought within 90 days after receipt of proof of death, and that no suit might be brought upon the certificate unless commenced within one year from the date of death.

In May, 1925, the insured disappeared while a resident of Detroit. Plaintiff made diligent but futile search for him, inquiring at the asylum, at the

navy where he had previously served, at the county morgue, etc. For over seven years plaintiff continued to keep up all assessments until she learned of the death of her brother. On or about November 1, 1932, the insured's photograph was discovered in the records of the Detroit morgue and was immediately identified. The records show that he was found in an alley in Detroit on June 22, 1925, that his body was removed to the morgue, a post-mortem held, and the cause of death found to be traumatic cerebral hemorrhage following a skull fracture and acute alcoholism. The record leaves no doubt of the insured's death on or about June 22, 1925. Plaintiff obtained a coroner's certificate and gave notice to defendant's local clerk, who in turn notified the home office. On November 22, 1932, defendant's general attorney replying to the local clerk denied liability on the ground that both the contractual and statutory limitations had run against plaintiff's claim. In January, 1933, plaintiff's attorney wrote to defendant at its home office. He stated the facts, inclosed a copy of the coroner's certificate, and asked for a prescribed form to be filled out. Defendant replied that the company absolutely denied liability and therefore would not ask for proofs of identity.

In a suit begun on February 9, 1933, plaintiff sought to recover the amount of the certificate, and interest from the date on which defendant denied liability, as well as the return of all assessments paid subsequent to the date of insured's decease. Defendant in an amended answer tendered into court $107.33, representing the amount of the assessments that plaintiff had paid after her brother's death. It also added the sum of $21 for costs to the date of the tender. It did not include the amount

of local dues, which constituted a part of the payments made by plaintiff but were retained by the local camp. The trial court rendered judgment for plaintiff for the amount tendered, but denied her right to recover on the certificate because of the failure to bring suit within one year from the date of death in accordance with the provisions thereof, and further because over six years, the period of the statutory limitation (3 Comp. Laws 1929, § 13976 *et seq.*), had elapsed from the time of death to the date when suit was brought.

While it is true, as defendant contends, that courts will not write a new contract for the parties, they will construe insurance contracts in a reasonable manner so as to avoid forfeitures arising from failure of the beneficiary to perform an impossible act. There is no question but that plaintiff made a diligent search for her brother and in fact did everything it was possible for her to do under the circumstances. However, by the express terms of the certificate the absence or disappearance of the insured was not to be regarded as evidence of death, and plaintiff therefore obviously could not file proofs of death or bring any action prior to the positive discovery of the death of her brother, which was not made until more than seven years thereafter. Immediately upon ascertaining the fact of his death, she notified defendant. This was sufficient. It is not reasonable to suppose the parties intended that the one-year limitation upon the right to bring suit should begin to run in such a case prior to the time when the death of the insured was discovered by the beneficiary in the exercise of due diligence. The holder of the policy cannot reasonably be supposed to give proof of a fact of which he himself is ignorant through no neglect or carelessness on his part.

The question presented has arisen in a number of other jurisdictions. In *Teed* v. *Brotherhood of American Yeomen,* 111 Wash. 367 (190 Pac. 1005), the policy required actions to be brought within one year of the date of death of the insured. The beneficiary did not become aware of her husband's death until over a year after it occurred, whereupon she immediately furnished proofs to the company and demanded payment. The court held that the period of limitations provided by the policy did not apply where the death of the insured was not known either to the insurance company or to the beneficiary within the year, where the policy was kept alive by the regular payment of premiums and was not known to have matured. In *Kentzler* v. *American Mutual Accident Ass'n of Oshkosh,* 88 Wis. 589 (60 N. W. 1002, 43 Am. St. Rep. 934), an accident policy required that notice of claim be given immediately after an accident occurred, and that positive proof of death or injury be furnished within six months thereof. Notice and proofs were not furnished within the required time, due to the fact that the insured had disappeared and his death was not discovered by the beneficiary until more than six months later. The court, in finding for plaintiff, stated:

"A contract should not be construed so as to forfeit or render nugatory the rights of one of the parties to it, unless the language employed imperatively requires such construction. In other words, an interpretation which gives effect is preferred to one which makes void. Besides, a contract should be interpreted in view of the conditions necessarily implied by law. It is a maxim in the law that 'all words, whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the

matter and person.' *Webster* v. *Morris,* 66 Wis.
366, 395 (28 N. W. 353, 57 Am. Rep. 278); *Lessee of
Brewer* v. *Blougher,* 14 Pet. (39 U. S.) 178. When
the ordinary meaning of the words employed leads
to a manifest absurdity or repugnance, they may,
if the instrument as a whole will permit it, be varied
or modified so as to avoid such inconvenience, but
no further. *Becke* v. *Smith,* 2 Mees. & W. 195 (150
Eng. Repr. .724); *Turner* v. *Railroad Co.,* 10 Mees.
& W. 434 (152 Eng. Repr. 536). In the case at bar
the contract must have a reasonable construction,
and in view of the conditions so implied by law.

''What is the object of giving such notice of the
accident, injury or death? In case of an injury or
disability not resulting in death, such notice affords
the association an opportunity to ascertain the exact
condition of the person and apply the most effectual
remedy. But in case of death there can be no rem-
edy, and the only object of the notice is to secure
evidence of identity. * * * Applying this rule to
the case at bar, the word 'immediately' must be con-
strued to mean such convenient time as was rea-
sonably requisite for doing the thing required.
That is to say, upon the discovery of the death
notice thereof was to be given in such convenient
time as was reasonably requisite for doing so under
the circumstances mentioned; and the proofs were
to be furnished within the six months specified after
such discovery. Besides, it is a maxim that the law
does not require impossibilities. Thus, in the lan-
guage of Hennen, J., 'where the event is of such
a character that it cannot reasonably be supposed
to have been in the contemplation of the contracting
parties when the contract was made, they will not
be held bound by general words which, though large
enough to include, were not used with reference to
the possibility of the particular contingency which
afterwards happens.' *Baily* v. *De Crespigny,* L. R.
4 Q. B. Cas. 180 (19 L. T. 681). To the same effect,
*Taylor* v. *Caldwell,* 3 Best & S. 826 (122 Eng. Repr.

309); *Howell* v. *Coupland,* L. R. 9 Q. B. Cas. 462; same case on appeal, 1 Q. B. Div. 258 (33 L. T. 832); *Insurance Companies* v. *Boykin,* 12 Wall. (79 U. S.) 433."

Also, see, *McElroy* v. *John Hancock Life Ins. Co.,* 88 Md. 137 (41 Atl. 112, 71 Am. St. Rep. 400); *Supreme Lodge Knights of Pythias* v. *Wilson* (Tex. Civ. App.), 204 S. W. 891; *Munz* v. *Standard Life & Accident Ins. Co.,* 26 Utah, 69 (72 Pac. 182, 62 L. R. A. 485, 99 Am. St. Rep. 830). Although there is some authority to the contrary, *Born* v. *Perkins,* 173 App. Div. 214 (158 N. Y. Supp. 673), affirmed in 223 N. Y. 605 (119 N. E. 1031), we believe the correct rule to be that stated in the above cases, which hold that a policy should not be forfeited because of failure to perform an impossible act.

The precise question has never been passed upon by this court. However, a somewhat analogous situation arose in *Phillips* v. *United States Benevolent Society,* 120 Mich. 142, where we permitted recovery on an accident policy requiring the giving of notice within a certain time as a condition precedent to recovery, although notice was not given until after the lapse of the period specified, owing to the beneficiary's lack of knowledge that his disability had been caused by the accident. We have also permitted recovery for sick benefit under a policy, notwithstanding failure to give notice within the time stated, where the delay was due to the mental incompetence of the insured. *Reed* v. *Loyal Protective Ass'n,* 154 Mich. 161.

Plaintiff's right to recover is clearly not barred by the statutory period of limitations. We adopt the reasoning followed in *Griffin* v. *Northwestern Mutual Life Ins. Co.,* 250 Mich. 185, in which we held that where the fact of death could only be de-

termined through the aid of the statutory presumption of death from absence of seven years (3 Comp. Laws 1929, § 13467), plaintiff's cause of action did not accrue until the expiration of the seven-year period following the disappearance of the insured, and the statute of limitations therefore did not begin to run until that time. The same rule has been applied in other jurisdictions. (See decisions cited in the *Griffin Case, supra.*) In the instant case, since plaintiff, by the express terms of the policy, was denied the right to establish the death of the insured by any presumption from absence or disappearance, her cause of action did not accrue until she discovered the fact of the insured's death, and the statute of limitations did not begin to run until that date.

Defendant's absolute denial of liability, together with a waiver of further proof of identity, entitled plaintiff to begin suit at once without presenting further formal proofs.

Plaintiff complains that the court erred in limiting her recovery of assessments paid after the death of insured to $1.29 out of each monthly payment of $1.54. It appears from the certificate that the monthly rate of assessments was $1.29. The remaining 25 cents constituted dues payable to the local camp according to its own by-laws, and retained by it. Evidently the very small difference claimed by plaintiff was not considered of great importance, for the record is incomplete on this point, and counsel have given the question little attention in their briefs. On the present record we are in accord with the finding of the trial judge. Plaintiff is entitled to recover the full amount of the certificate, plus interest from the date on which defendant denied liability, in addition to the sum of $107.33, representing the amount of assessments

paid by plaintiff after the death of the insured, and awarded her by the trial court, plus interest on such assessments from the dates of payment.

The case is remanded to the lower court with instructions to enter judgment in accordance with the opinion. Plaintiff will recover costs in both courts.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.