EMILIA BERGKVIST, Plaintiff, *v.* SUPREME COUNCIL OF THE ROYAL ARCANUM, Defendant.

City Court of New York, Trial Term, New York County, May 18, 1943.

*Thomas A. McDonald* for plaintiff.

*Harold C. Knoeppel* for defendant.

COLEMAN, J. The 1929 amendment to the defendant's rules which required actions arising from the death of a member to be brought " within three years from the date of such death " was valid and bound the plaintiff's husband, a member, and the plaintiff as beneficiary; and the fact that it was not until 1940 that the plaintiff learned of the death of her husband, which occurred in 1929, does not affect the situation. (*Born* v. *Perkins,* 173 App. Div. 214, affd. on opinion below 223 N. Y. 605.) Under the terms of the certificate of membership the defendant had the power to change its rules, and the changes would then control the agreement. (L. 1892, ch. 690, § 234; Insurance Law, § 457; cf. *Royal Arcanum* v. *Green,* 237 U. S. 531.) Cases denying power to a fraternal organization so to amend its by-laws or rules as to cut down substantive rights, as for example by reducing the amount to be received after once being fixed (cf. *Evans* v. *So. Tier Masonic Relief Assn.,* 182 N. Y. 453), or delimiting the risk insured against (*Weber* v. *Supreme Tent of K. of M.,* 172 N. Y. 490) are inapposite. Here the change was a procedural one relating to the time within which an action must be brought. It limited that time to three years after death, absolutely and without reference to any period for filing proofs of loss — a not unreasonable limitation of time. The action was brought much too late.

The verdict is set aside and the complaint is dismissed.