DAILEY *v.* MID-STATES INSURANCE COMPANY.

1. INSURANCE—PROOF OF LOSS—SWORN STATEMENT AS TO CAUSE.
   Sworn statement of plaintiff insured under automobile fire insurance policy, taken by insurer's representative a few days after the fire incident to his investigation as to whether it was accidental or otherwise *held,* an insufficient compliance on part of insured with policy requirement as to proof of loss.

2. SAME—PROOF OF LOSS—SWORN STATEMENT AS TO CAUSE.
   In insured's action against insurer for loss of automobile by fire where insurer's agent took a sworn statement from plaintiff relative to cause of fire a few days after its occurrence, claim that the agent led insured to believe no further proof of loss was necessary *held,* without justification under record presented.

3. SAME—PROOF OF LOSS—WAIVER.
   Waiver of requirement that proof of loss by fire be furnished by insured to insurer within 60 days from its occurrence *held,* not to have been effected by letter sent insured some 85 days after the fire in which insurer's attorney denied liability and letter contained nothing inconsistent with defense that proof of loss had not been filed as required.

Appeal from Oceana; Pugsley (Earl C.), J. Submitted April 7, 1948. (Docket No. 33, Calendar No. 43,990.) Decided June 14, 1948.

REFERENCES FOR POINTS IN HEADNOTES
[1,2] 29 Am. Jur., Insurance, §§ 1119, 1120, 1123.
[2] Insurance agent's misrepresentations to applicant, insured, or beneficiary, as basis of action by them, other than on policy itself or as defense to action against them. 136 A.L.R. 5, at p. 31.
[3] 29 Am. Jur., Insurance, §§ 1137, 1143–1145.
[3] Denial of liability as waiver of proof of loss required by insurance policy. 22 A.L.R. 407; 108 A.L.R. 901.

Assumpsit by Robert M. Dailey and another against Mid-States Insurance Company on an automobile insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment *non obstante veredicto.*

*Harold Van Domelen* and *Donald G. Slawson,* for plaintiff.

*Mitts & Smith,* for defendant.

NORTH, J. This is a suit on an insurance policy to recover for the complete loss of an automobile by fire. On trial by jury plaintiffs had verdict and a judgment for $1,200. Defendant's motions for a directed verdict and for judgment *non obstante veredicto* were denied. It has appealed.

On May 10, 1946, plaintiff Dailey purchased the automobile from plaintiff Brink on a time-purchase plan or conditional sales contract. Only part of the purchase price had been paid at the time of the fire, in consequence of which Brink has joined as a plaintiff. The sale of the car to Dailey was negotiated by a Mr. Weaver, as agent or salesman for Brink. When the sale was consummated Weaver called the Grand Rapids agency of defendant and requested insurance on the car. The policy was issued on Weaver's application, May 11, 1946. It was delivered shortly thereafter by mail to Dailey at his home, and remained in force until the fire occurred, August 14 or 15, 1946. Dailey testified that when he received the policy he "looked it over," and knew he had fire coverage on the automobile.

Under the circumstances of this case involving a fire loss, liability on the policy was by its terms made subject to numerous "Conditions," including the following:

"Named insured's duties when loss occurs—*  *  *
When loss occurs, the named insured shall: *  *  *
(c) File proof of loss with the company within 60
days after the occurrence of loss, unless such time
is extended in writing by the company, in the form
of a sworn statement of the named insured setting
forth the interest of the named insured and of all
others in the property affected, any encumbrances
thereon, the actual cash value thereof at time of loss,
the amount, place, time and cause of such loss, the
amount of rental or other expense for which reim-
bursement is provided under this policy, together
with original receipts therefor, and the description
and amounts of all other insurance covering such
property.  *  *  *

"Payment for loss; action against company—
*  *  *  Payment for loss may not be required nor
shall action lie against the company unless, as a con-
dition precedent thereto, the named insured shall
have fully complied with all the terms of this policy
nor until 30 days after proof of loss is filed and the
amount of loss is determined as provided in this pol-
icy."

Among other grounds asserted by defendant in
support of its motions for a directed verdict, for
judgment *non obstante veredicto,* and also in sup-
port of its claim of reversal on this appeal, is that
the undisputed testimony discloses proof of loss was
not filed as required in the policy. As against de-
fendant's claim in this particular, plaintiffs say in
their brief:

"The plaintiff filed a sworn statement in regard
to the loss which was prepared by defendant's agent
and the defendant's agent investigated the loss com-
pletely and led plaintiff to believe no further proof
was necessary."

While it is true that a representative of the de-
fendant insurance company took a sworn statement
from plaintiff a few days after the fire, such state-

ment by no means complied with the requirements of the policy for proof of loss. Instead it fairly appears from the record that the statement which concludes with the following words, "I swear I did not set fire to the car myself," was taken incident to the defendant's investigation as to whether the fire was accidental or otherwise. Nothing in the record justifies the above assertion that defendant's agent "led plaintiff to believe no further proof was necessary."

Plaintiffs further assert a waiver by defendant of the policy requirement as to filing with the insurer proof of loss within 60 days after it occurred. Such waiver is claimed to arise from the following. Eighty-five days after the fire attorneys for defendant wrote a letter to Dailey as follows:

*"Dear Sir:*

"Our investigation of your total fire loss has been completely investigated and after checking into all of the facts and circumstances surrounding the fire and the resulting damages to your car, and after completely examining the report submitted to this office by Sergeant Quentin Dean of the State Police; and after lengthy correspondence and conferences with your insurance company, we are hereby respectfully denying liability on this claim."

As above noted, this letter to plaintiff from defendant's lawyers was written a considerable time after the expiration of the 60-day period within which the policy required proof of loss, and further there is nothing in the communication inconsistent with the defense that because plaintiff failed to file proof of loss as required in the policy he may not recover thereon. The undisputed testimony discloses that plaintiff did not file proof of loss, which is required in the policy as a condition precedent to recovery thereon; and further the record discloses without controversy that there was no waiver by

defendant of the policy requirement as to proof of loss. Under such circumstances decision herein is clearly controlled by *Gould* v. *Dwelling-House Insurance Co.,* 90 Mich. 302; *Peck* v. *National Liberty Insurance Co.,* 224 Mich. 385; *Fenton* v. *National Fire Insurance Co.,* 235 Mich. 147; and *Helmer* v. *Dearborn National Insurance Co.,* 319 Mich. 696. In each of the above cases recovery on the policy by the insured was denied. The pertinent provisions of the policy involved in the *Peck Case,* in their legal effect, were quite identical with those in the policy in the instant case. They were:

" 'The insured shall, within 60 days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following; * * *

" 'No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the liability shall have accrued.' "

Because the foregoing is conclusive of decision herein, discussion of other phases of matters of defense urged by appellant is not required. The judgment entered in the circuit court is vacated and the case remanded for judgment in favor of defendant *non obstante veredicto.* Defendant will have costs of both courts.

BUSHNELL, C. J., and SHARPE, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.

BOYLES, J., concurred in the result.