McGUIRE *v* CONTINENTAL INSURANCE COMPANY

1. INSURANCE—FIRE INSURANCE—LIMITATION PERIOD—ESTOPPEL.

The statutory 12-month limitation for commencing an action against an insurer for a claim on a fire insurance policy is an effective bar against an action commenced beyond the period unless the insurer waived or is estopped from raising the question of limitations because it negotiated with the policyholder while the time period expired or negotiated with the policyholder until shortly before the expiration of the time limitation (MCLA 500.2832).

2. INSURANCE—FIRE INSURANCE—LIMITATION PERIOD—ESTOPPEL—NEGOTIATIONS.

Letters sent by the defendant fire insurance company's adjuster directing that a medical report of the insured was required before the company would make a voluntary determination of the insured's claim cannot be deemed to have indicated continuing negotiations such that the company should be held to have waived or is estopped from asserting that the insured's subsequent action on the claim was barred by the statutory limitation period where the insured did not comply or even respond to the letters; the intent of the letters was clear that if no medical report was furnished no further negotiations would be pursued (MCLA 500.2832).

3. INSURANCE—FIRE INSURANCE—LIMITATION PERIOD.

The 12-month statutory limitation period for commencing an action against a fire insurer runs from the date on which the damage occurred, not from the date on which the insurer denies liability (MCLA 500.2832).

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance § 1194 *et seq.*
[2] 44 Am Jur 2d, Insurance § 1917.
[3] 44 Am Jur 2d, Insurance § 1910.

Appeal from Grand Traverse, James M. Fitz-patrick, J. Submitted Division 3 February 3, 1972, at Grand Rapids. (Docket No. 12014.) Decided March 29, 1972.

Complaint by Genevieve McGuire against The Continental Insurance Company for amounts due under a fire insurance policy. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Zerafa & Zerafa,* for plaintiff.

*Running, Wise & Wilson,* for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ.

Per Curiam. This is a statute of limitations case based on MCLA 500.2832; MSA 24.12832.[1]

The McGuire residence, during defendant's insurance coverage period, sustained a fire loss on September 3, 1968. Attorneys were engaged by Mr. and Mrs. McGuire. General Adjustment Bureau, Inc., and particularly its branch manager, became defendant's agents to adjust the loss. Shortly after the fire, questions of Mr. McGuire's competency and the possibility of arson were raised. On May 28, 1969, the adjuster's branch manager sent plaintiff's attorneys a letter with a medical information form requesting a report from Mr. McGuire's doctors. The letter concluded with the admonition that the defendant insurance company "must have" this infor-

---

[1] "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

mation "before they will make any voluntary determination of the claim".

Plaintiff's attorneys did not comply with the request, nor is there any record evidence of discussion or correspondence thereafter until November 4, 1969, when plaintiff through her attorneys filed a complaint in circuit court alleging damages in the amount of $12,800.

Defendant's motion for the accelerated judgment was granted on the basis that suit was not commenced within the statutory 12-month period.

Plaintiff contends that when negotiations have begun and the insurer has not denied liability, the insurer cannot then assert a contractual limitation period to defeat insured's legal suit.

The applicable rule is stated in *Villamor* v *Premier Insurance Co,* 13 Mich App 30, 34 (1968):

"The 12-month limitation set forth in the insurance policy is fundamentally a statutory provision. CLS 1961, § 500.2832 (Stat Ann 1957 Rev § 24.12832). Such a limitation has been held to be an effective bar to tardy insurance claims although there have been exceptions where the Court has ruled that a company waived or is estopped from raising the question of limitations by negotiating with the policyholder while the time period expired or by negotiating with the policyholder until shortly before the expiration of the time limitation. *Friedberg* v. *Insurance Company of North America,* 257 Mich 291 (1932)."

The trial court found that subsequent to May 28, 1969, nothing occurred which would indicate further negotiations between the parties looking toward settlement and concluded that no further negotiations were made.

Plaintiff's theory of waiver and estoppel is premised upon the belief that the letters indicated continuing negotiations.

We do not agree. The insurance directive required affirmative action, either to supply the information or start suit. The intent is clear—no medical report—no further negotiations. Plaintiff was not, or should not have been, lulled into a belief that the fire claim would be considered or negotiated without submission of the medical form. Failure to comply and to remain idle from the date of the letter, May 28, 1969, through the limitation date of September 3, 1969, is unreasonable and cannot be considered a recognized exception to the 12-month limitation.

The trial court's finding that negotiations were in fact discontinued is supported by the record and is not clearly erroneous. GCR 1963, 517.1; *Insurance Company of North America* v *Iroff,* 9 Mich App 151 (1967).

Plaintiff contends that the limitation period should be tolled from the date of the fire up until the date of denial or acceptance of the claim. This argument is contrary to established precedent. The limitation period runs from the date on which the damage occurred, not from the date on which defendant denied liability. *Dahrooge* v *Rochester German Insurance Co,* 177 Mich 442 (1913) ; *Robinson's Home Outfitting Co* v *Globe Indemnity Co,* 31 Mich App 104, 105 (1971).

Affirmed. Costs to defendant.