TRAVERSE CITY STATE BANK v RANGER INSURANCE
COMPANY

OPINION OF THE COURT

1. INSURANCE—CONTRACTS—LIMITATION OF ACTIONS—ACCRUAL OF
   CLAIM—OCCURRENCE OF LOSS—AGREEMENTS.

   The limitation of action period begins to run on an action under
   an insurance contract from the date when the claim accrues;
   generally a claim accrues when loss occurs, but the parties to
   the contract may effectively postpone the accrual of the claim
   and the start of the limitation period by agreeing that the
   insured may not file suit until some specified time after the
   date of the loss.

2. INSURANCE—INITIATING ACTION—LIMITATION OF ACTIONS—PROOF
   OF LOSS—PROVISIONS OF POLICY.

   An insurance contract action was barred by the applicable stat-
   ute of limitations where the insured's right to initiate an action
   on a policy of insurance accrued, as prescribed by the policy, 30
   days after he filed sufficient proof of loss, and where he waited
   to file his complaint more than six years after the claim
   accrued. (MCLA 600.5807[8]; MSA 27A.5807[8]).

3. INSURANCE—LIMITATION OF ACTIONS—WILLINGNESS TO NEGOTIATE—
   WAIVER OF LIMITATION—TOLLING OF STATUTE—FAILURE TO FILE.

   An insurance company which causes an insured to allow the
   statute of limitations to expire on a valid claim by its seeming
   willingness to negotiate the claim may be held to have waived
   the protection of the limitation statute or the statute may be
   tolled during the negotiations; but these policies should not be
   applied where the insured had more than 4-1/2 years after the
   insurer flatly denied his claim to file a complaint and failed to
   do so.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 44 Am Jur 2d, Insurance §§ 1903–1912.
51 Am Jur 2d, Limitation of actions § 111.
Limitation of action against liability insurer for failure to settle
claim or action against insured. 68 ALR2d 892.

4. INSURANCE—LIMITATION OF ACTIONS—ACCRUAL OF CLAIM—NOTICE
TO INSURED.

> The statute of limitations for suits on insurance contracts begins
> to run from the time the cause of action accrues; where there
> are no contractual or statutory provisions to the contrary the
> cause of action accrues when the insurer notifies the insured
> that it is denying liability under the contract.

Appeal from Grand Traverse, William R. Peterson, J. Submitted May 5, 1976, at Grand Rapids. (Docket No. 23366.) Decided November 8, 1976.

Complaint by Traverse City State Bank against Ranger Insurance Company to recover on an insurance policy for an illegally converted airplane. Judgment for defendant. Plaintiff appeals. Affirmed.

*Murchie, Calcutt & Sondee* (by *Jack E. Boynton*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

ALLEN, J. This is an action to recover on an insurance policy covering an airplane which was illegally converted by a lessee. Defendant insurance company issued its policy to the owner of the plane and added an endorsement covering the interest of plaintiff bank which held a lien on the plane as the result of its loan to the owner. We are asked to decide if the action is barred by the applicable statute of limitation. The trial judge ruled that it was, and granted the defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion for accelerated judgment under GCR 1963, 116.1(5).

· The proofs show that the plane was illegally converted on September 30, 1967. The defendant was notified of the loss by the plaintiff's letter dated December 13, 1967. After an extended exchange of letters, the defendant denied all liability in a letter dated June 9, 1969. The plaintiff finally started this lawsuit on May 13, 1974.

The controlling statute of limitation is MCLA 600.5807(8); MSA 27A.5807(8) which states:

"No person may bring or maintain any action * * * unless, *after the claim first accrued* * * * he commences the action within [6 years] * * * ." (Emphasis supplied.)

When did the plaintiff's claim accrue in the present case? The trial judge ruled that the cause of action accrued on the date of loss, *i.e.,* on September 30, 1967, when the airplane was illegally converted. His opinion cited *McGuire v Continental Insurance Co,* 39 Mich App 612; 197 NW2d 846 (1972), for the rule that a claim under an insurance contract accrues when the loss occurs. *McGuire* so held, but the holding was based on contract language which was significantly different from the policy involved in the present litigation. The *McGuire* policy provided:

"No suit or action on this policy * * * shall be sustainable * * * unless commenced within twelve months next *after inception of the loss."* (Emphasis supplied.)

The underscored language was the basis for the holding that the contractual limitation period began to run on the date of the loss.

The policy in the present case does not specify a deadline beyond which suit may not be brought; therefore, that point is controlled by the statute of limitation, MCLA 600.5807(8); MSA 27A.5807(8). But, unlike the *McGuire* policy, the present one does specify the *earliest* date when a suit may be brought.

"Payment for loss may not be required nor shall action lie against the Company * * * until thirty (30) days *after proof of loss is filed* * * * ." (Emphasis supplied.)

Assuming the validity of the contract provision, it is clear that the plaintiff could not have brought suit on the day of loss. Therefore, it would be unrealistic to hold that the claim accrued and the limitation period began to run on that date. The general rule is that the parties to an insurance contract may specify the time when a cause of action accrues. 44 Am Jur 2d, Insurance, § 1904, p 841. Michigan has repeatedly recognized insurers' ability to contractually shorten the statutory limitation period. See, *e.g., Tom Thomas Organization, Inc v Reliance Insurance Co,* 396 Mich 588; 242 NW2d 396 (1976). We hold that the parties may also effectively lengthen the limitation period by agreeing that the insured may not file suit until some specified time *after* the date of loss.

The parties to the present case made such an agreement when they agreed that no action on the contract would lie "until thirty (30) days after proof of loss is filed". Obviously, the six-year limitation period began to run on the first day that suit could have been brought. According to the contract, that point was reached 30 days after proof of loss was filed. The contract details the requirements which the proof of loss must meet.

The problem is that, nine years after the loss occurred, no proper proof of loss has yet been filed.

That fact forces us to choose among three possible analyses designed to cope with that omission. First, we could find plaintiff is still free to file a proper proof of loss and the limitation period will not even begin to run until it does so. That holding would permit the plaintiff to proceed with its suit. Second, we could find the proof of loss requirement was waived (and therefore "satisfied") when the defendant wrote, on June 9, 1969, that it would deny all liability on the policy. Since suit was filed on May 13, 1974, this interpretation would mean that the original complaint was timely filed. Finally, we could find that the plaintiff's letter of December 13, 1967, notifying the defendant of the conversion is a sufficient proof of loss.

While we are not fully satisfied with any one of the three, we adopt the third. Adoption of this alternative means that the plaintiff's right to sue on the policy contract accrued on January 12, 1968, *i.e.,* 30 days after the proof of loss letter on December 13, 1967. The complaint, dated May 13, 1974, was filed more than six years after the claim accrued; thus it was barred by the statute of limitation. MCLA 600.5807(8); MSA 27A.5807(8).

The plaintiff urges us to hold that the claim did not accrue until the defendant formally denied all liability in its letter of June 9, 1969. We must reject that suggestion. The statute states that a claim accrues *"at the time the wrong* upon which the claim is based *was done".* (Emphasis supplied.) MCLA 600.5827; MSA 27A.5827. What was the "wrong" in the present case? Assuming that the plaintiff's claim was meritorious, payment of the policy proceeds became due on January 12, 1968, and the plaintiff could have sued to enforce the

duty to pay. While not morally or ethically wrong, we believe that the defendant's failure to pay promptly was a sufficient "wrong" in the statutory sense to start the running of the limitation period. The subsequent refusal to pay was also a "wrong" but the six-year period had already begun to run by then.

We acknowledge but decline to follow *Schimmer v Wolverine Insurance Co,* 54 Mich App 291; 220 NW2d 772 (1974), which held that a cause of action did not accrue until the insurance company denied its obligation under the contract. On our facts, *Schimmer* would require an obviously improper holding that the statute of limitation did not begin to run until nearly 18 months after the plaintiff could have started its lawsuit.

We have also considered and rejected the argument that the defendant improperly misled the plaintiff into complacency by its seeming willingness to negotiate the claim. Where such actions *cause* a plaintiff to lose a valid claim, the courts may hold that the insurance company has waived the protection of the limitation statute or that the statute was tolled during the negotiations. See, *e.g., Better Valu Homes, Inc v Preferred Mutual Insurance Co,* 60 Mich App 315; 230 NW2d 412 (1975). But the present plaintiff still had more than 4-1/2 years in which to file its complaint after the defendant flatly denied all liability. If a good claim was lost, the fault lies with the plaintiff, not the defendant.

The judgment below is affirmed.

C. J. HOEHN, J. *(concurring).* I concur in the result contained in Judge ALLEN's opinion. However, I do not consider the holding in *Schimmer v Wolverine Insurance Co,* 54 Mich App 291; 220

NW2d 772 (1974), to be in any way inconsistent with the present holding.

Bashara, P. J. *(dissenting)*. I respectfully dissent. This is an action for breach of contract on an insurance policy. The trial judge granted defendant's motion for accelerated judgment grounded on the statute of limitations. GCR 1963, 116.1(5). Plaintiff appeals.

The plaintiff was insured by the defendant as a lienholder on an aircraft owned by TRB Flying Service. On or about September 30, 1967, J. D. Vickers converted the aircraft.

By a letter dated December 13, 1967, the plaintiff advised the defendant of a potential claim under the policy as a result of the conversion of the aircraft.[1] In a letter on December 12, 1968, the defendant notified the plaintiff that the conclusion of a criminal action pending against Vickers was necessary before any further action could be taken. The defendant advised the plaintiff by a letter of June 9, 1969, that its investigation indicated no basis for plaintiff's claim.

The plaintiff brought this action on May 13, 1974. Relying on *Friedberg v Insurance Co of North America,* 257 Mich 291; 241 NW 183 (1932), *Dahrooge v Rochester German Insurance Co,* 177 Mich 442; 143 NW 608 (1913), and *McGuire v Continental Insurance Co,* 39 Mich App 612; 197

---

[1] Plaintiff's complaint alleges a conversion of the aircraft on or about September 30, 1967. Defendant was not advised of the claim until December 13, 1967. The insurance contract clearly states that proof of loss should be filed with the company within 60 days after the loss. Further, factual development of the date of loss may be necessary under the procedures outlined in GCR 1963, 117.3 to disclose whether summary judgment under GCR 1963, 117.2(3) is appropriate. *See Dailey v Mid-States Insurance Co,* 321 Mich 438; 32 NW2d 698 (1948).

NW2d 846 (1972), the trial judge determined that the cause of action accrued on the date of the conversion and was barred by the six-year statute of limitations for breach of contract. MCLA 600.5807(8); MSA 27A.5807(8).

The statute of limitations for suits on insurance policies begins to run from the time the cause of action accrues. *Lukazewski v Sovereign Camp of the Woodmen of the World,* 270 Mich 415, 423; 259 NW 307 (1935), *Griffin v Northwestern Mutual Life Insurance Co,* 250 Mich 185, 189; 229 NW 509 (1930). Generally, this depends upon the terms of the insurance policy. 14 Callaghan's Michigan Civil Jurisprudence, § 471, p 525. For instance, in the cases relied upon by the trial judge the insurance contract itself provided or incorporated a statute which limited the insured to commencing suit within a specific time "after the happening of the loss", *Friedberg v Insurance Co of North America, supra,* 292, or "after the fire", *Dahrooge v Rochester German Insurance Co, supra,* 448, or "after inception of the loss", *McGuire v Continental Insurance Co, supra,* 613.

I am of the opinion that *Schimmer v Wolverine Insurance Co,* 54 Mich App 291, 297; 220 NW2d 772 (1974), is a good example of proper application of the law. In *Schimmer* the plaintiff brought an action against the defendant for refusal to defend her in a prior lawsuit. In the original action the plaintiff was served with process on February 6, 1964. Subsequently, she requested the defendant to defend her pursuant to certain homeowner's policies issued by the defendant. On May 7, 1964, defendant refused her request. The action was commenced on January 14, 1971. A panel of this Court found that the cause of action accrued on the date the defendant refused to defend, and the

action was therefore barred by the six-year statute of limitations.

In the instant case the undisputed facts disclosed that the defendant notified the plaintiff on June 9, 1969, that the plaintiff's claim was without foundation. Since there were no contractual or statutory provisions to the contrary, I see no reason to treat this action any differently than any other breach of contract action. Therefore, the cause of action accrued when the alleged breach occurred on June 9, 1969. The suit was commenced well within the six-year statute of limitations.

I would reverse and remand with costs to abide the outcome.