JACOBS v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 49962. Submitted February 5, 1981, at Detroit.—Decided
    June 30, 1981. Leave to appeal applied for.

    Plaintiff, Loretta Jacobs, was insured under an automobile insur-
    ance policy issued by the defendant, Detroit Automobile Inter-
    Insurance Exchange. In February, 1972, plaintiff was injured in
    an automobile accident with an uninsured motorist. In 1974,
    plaintiff commenced an action against the owner and driver of
    the uninsured vehicle. In 1976, plaintiff gave defendant formal
    notice of the accident and filed a claim for benefits under the
    uninsured motorist coverage of the insurance policy issued by
    defendant. Defendant made a settlement offer of $2,000, which
    was neither accepted nor rejected by plaintiff. No further
    efforts to negotiate the claim were made until June, 1978, when
    plaintiff demanded that the matter of her claim of benefits be
    submitted to arbitration in accordance with the provisions of
    the insurance policy. Defendant refused to submit the matter to
    arbitration and asserted that the statute of limitations had run
    on plaintiff's claim. Following a $63,664.50 judgment against
    the owner of the uninsured vehicle, plaintiff commenced this
    action against defendant, alleging breach of contract on the
    part of defendant in refusing to arbitrate the insurance claim.
    Plaintiff sought judgment in the amount of the policy limits of
    $20,000. Defendant denied any breach of contract and raised
    the affirmative defense of statute of limitations. Plaintiff moved
    for summary judgment. The Wayne Circuit Court, Maureen P.
    Reilly, J., granted summary judgment in favor of plaintiff and
    entered a judgment in the amount of $20,000, holding that the
    statute of limitations had not run on plaintiff's claim and that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance § 339.
    Time limitations as to claims based on uninsured motorist clause.
    28 ALR3d 580.
    Insured's right to bring direct action against insurer for uninsured
    motorist benefits. 73 ALR3d 632.
[3] 7 Am Jur 2d (Rev), Automobile Insurance §§ 337, 338.
[4, 5] 7 Am Jur 2d (Rev), Automobile Insurance § 298.

defendant, by its actions, had waived the right to demand arbitration of the claim. Defendant appeals, alleging that the statute of limitations had run on plaintiff's claim, that the court should have submitted the claim to arbitration in accordance with the policy requirements, and that summary judgment was inappropriate because there existed a question as to the extent of liability of defendant under the policy. *Held:*

1. The plaintiff's claim of benefits under the insurance policy is controlled by the six-year statute of limitations for contracts. The statute of limitations commenced to run on the date of defendant's refusal to arbitrate the matter, that act of the defendant constituting the breach of the contract of insurance. The plaintiff's action therefore was filed in a timely manner.

2. Since arbitration was a condition precedent to the plaintiff's cause of action against the defendant, the defendant's refusal to submit the claim to arbitration waived the defendant's right to thereafter demand arbitration of the claim.

3. Because the amount of damages owing under the policy might be different from the amount assessed against the uninsured motorist, the trial court erred in entering judgment in the amount of the policy limits, there remaining an unanswered question of fact.

Affirmed in part, reversed in part, and remanded.

M. F. CAVANAGH, J., dissented from that portion of the opinion which remanded the matter for a determination of the amount of damages owed by defendant to plaintiff. He would hold that, since the amount which plaintiff is legally entitled to receive from the uninsured motorist is well in excess of the policy limits, the trial court properly entered judgment in the amount of the stated limits of coverage under the uninsured motorist provision of the insurance policy. He would affirm the order of the trial court.

## OPINION OF THE COURT

1. LIMITATION OF ACTIONS — INSURANCE — UNINSURED MOTORIST COVERAGE — STATUTES.

A claim by an insured against his insurer under the uninsured motorist coverage of an automobile insurance policy whereby the insurer agreed to indemnify the insured for damage caused by an uninsured motorist is a claim in contract governed by the six-year statute of limitations (MCL 600.5807; MSA 27A.5807).

2. LIMITATION OF ACTIONS — INSURANCE — ACCRUAL OF CLAIM — ARBITRATION — STATUTES.

The statute of limitations on an action based upon a claim for

uninsured motorist benefits by an insured against his insurer begins to run on the date of a demand for arbitration where the insurance policy provides that a demand for arbitration shall be a condition precedent to the insured's right to bring suit on a claim (MCL 600.5807; MSA 27A.5807).

3. Arbitration — Insurance — Waiver.

The refusal by an insurer to submit to arbitration a claim by an insured, where arbitration is a condition precedent to the insured's right to bring a cause of action against an insurer, waives, as a matter of law, the right of the insurer to demand that the claim be submitted to arbitration.

4. Damages — Insurance — Uninsured Motorist Coverage — Summary Judgment — Court Rules.

The question of the extent of damages payable by an insurer is still at issue and thus not subject to summary judgment even where, in a claim by the insured for uninsured motorist benefits under his policy with the insurer, the liability of the insurer is established and the insured has secured from the uninsured motorist a judgment exceeding the policy limits of the uninsured motorist coverage, since the amount of damages on the insurance contract claim may be different from the amount assessed against the uninsured motorist (GCR 1963, 117.2[3]).

Dissent by M. F. Cavanagh, J.

5. Damages — Insurance — Uninsured Motorist Coverage — Summary Judgment.

*Summary judgment in favor of an insured under an automobile insurance policy of damages in the amount of the policy limits of the uninsured motorist coverage of such policy is properly granted in a suit by the insured against his insurer for such uninsured motorist benefits where the insured has secured against the uninsured motorist a judgment exceeding the policy limits for uninsured motorist coverage and the insurer, as a matter of law, has waived the policy right to arbitrate the claim for uninsured motorist coverage.*

*Lakin, Worsham & Victor, P.C.* (by *Larry Smith),* for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by

*Charles A. Pfeffer),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* for defendant.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant appeals as of right from an order of the Wayne County Circuit Court granting summary judgment for plaintiff in the amount of $20,000, the policy limit of uninsured motorist benefits under an insurance contract between plaintiff and defendant.

In order to clarify our disposition of the issues raised by defendant in its appeal, a recitation of the facts leading to the trial court's grant of summary judgment is in order.

On February 19, 1972, plaintiff was involved in a collision with an uninsured motorist. As of that date, plaintiff was insured under a policy issued by defendant which provided for uninsured motorist benefits with policy limits of $20,000. The policy provided under section 4, coverage G as follows:

"Subject to the limits of liability stated in this coverage, the Exchange agrees to pay:

"Part (1) all sums which the insured shall be legally entitled to recover as damages * * * from the owner or operator of an uninsured automobile because of bodily injury * * * resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *.

On September 23, 1974, plaintiff filed suit in Wayne County Circuit Court against the owner, Elmer Hereim, and driver, Ronald Hereim, of the uninsured vehicle, alleging that the car owner was uninsured at the time of the accident and seeking

recovery of her damages from the Motor Vehicle Accident Claims Fund.

On March 9, 1976, plaintiff gave defendant DAIIE formal notice of the aforementioned automobile accident and filed a claim for benefits under the uninsured motorist coverage of an insurance policy issued by defendant. Sometime thereafter, Mr. Robert Wisok, attorney for the plaintiff, notified defendant that he had been retained to represent plaintiff in the matter of her claim for benefits. Defendant made a settlement offer of $2,000, which was neither accepted nor rejected by plaintiff. No further efforts to negotiate plaintiff's claim were made until June 7, 1978, more than six years after the date of the accident, at which time plaintiff sent defendant a letter demanding that the matter be submitted to arbitration in accordance with the terms of the insurance policy. Defendant denied arbitration and alleged that the statute of limitations had run on plaintiff's claim.

On February 1, 1979, plaintiff, after trial by jury, was awarded judgment in the amount of $63,664.50, including interest and costs, in the Wayne County Circuit Court action against Elmer Hereim. On February 28, 1979, plaintiff filed her complaint in the instant action against defendant, alleging breach of contract based on defendant's refusal to arbitrate the insurance claim and seeking judgment for the policy limits of $20,000. Defendant answered, denying any breach of contract and raising as an affirmative defense the statute of limitations.

Plaintiff filed a motion for summary judgment, asserting that defendant's refusal to arbitrate constituted breach of contract as a matter of law. In response, defendant filed a motion for accelerated judgment on grounds that plaintiff's action was

barred by the statute of limitations. On July 27, 1979, a ruling was made in Wayne County Circuit Court holding that plaintiff's claim accrued in June of 1978, when defendant refused arbitration, and that the statute of limitations did not begin to run until that time. The trial court requested briefs on the further question of whether defendant had waived its right to arbitration.

On October 12, 1979, the trial court ruled that defendant had indeed waived its right to arbitration. On January 25, 1980, the parties appeared once more before the trial court on plaintiff's motion for entry of summary judgment. The defendant objected to the summary judgment on the grounds that there existed genuine issues of material fact, namely whether plaintiff was entitled to benefits under the contract, the amount of damages, and the validity of defenses other than the statute of limitations. The trial court overruled defendant's objections and entered judgment for plaintiff in the amount of $20,000 plus costs.

Defendant now brings this appeal in which it raises three issues, which we shall address *seriatim*.

Defendant first argues that where plaintiff is involved in an accident with an uninsured motorist and notifies defendant insurance company four years later, demanding arbitration to the contract of insurance six years after said accident, and defendant refuses to submit to arbitration, such refusal is proper, plaintiff's cause of action against its insurer having accrued at the time of the accident and thus being barred by the statute of limitations. Plaintiff argues that its cause of action accrued at the time of defendant's refusal to submit to arbitration, that being defendant's first refusal to abide by the terms of the contract.

There is no question that the applicable statute of limitations is the six-year contract provision, MCL 600.5807; MSA 27A.5807, as established by the case of *Detroit Automobile Inter-Ins Exchange v Hafendorfer,* 38 Mich App 709; 197 NW2d 155 (1972). The question of when a cause of action accrues is, however, the subject of conflicting opinion. *Schimmer v Wolverine Ins Co,* 54 Mich App 291; 220 NW2d 772 (1974), holds that plaintiff's cause of action under an insurance policy against the insurer accrues on the date of breach, which in turn is the day on which performance is refused. This case conforms with the cases standing for the general contract principle that a cause of action accrues when a breach of contract occurs.

The narrow question in the instant case seems to have been decided *contra* in *McGuire v Continental Ins Co,* 39 Mich App 612; 197 NW2d 846 (1972), where it was held that the cause of action against a plaintiff's insurer accrued on the date of the loss. A later case, *Traverse City State Bank v Ranger Ins Co,* 72 Mich App 150; 249 NW2d 333 (1976), explained the result in *McGuire* as being based on the contract language of the insurance policy in *McGuire* and not on a general principle of law that causes of action under insurance policies "accrue" on the date of the loss. *Traverse City Bank* held that the parties could determine when a cause of action would accrue, and the decision in that case was based on the contract language. Judge Hoehn concurred, but found no inconsistency between *Traverse City Bank* and *Schimmer.* Judge Bashara dissented, reasoning that *Schimmer* was applicable and that plaintiff's cause of action arose when the breach occurred, which was when the insurance company notified plaintiff that it considered plaintiff's claim to be without merit.

We find Judge BASHARA's dissent in *Traverse City Bank* to be the better reasoned view of that case. The majority opinion decided that because the contract language stated that no cause of action could lie against the insurer until 30 days after proof of loss is filed, that a cause of action would necessarily lie after that 30-day period had expired. The Court reasoned that, since that was the first day on which a cause of action could be brought, that was the date on which the statute of limitations began to run.

Fortunately, an application of the reasoning in both opinions yields the same result in the instant case. There is no dispute that the statute begins to run when the cause of action accrues. In the instant case, the contractual language states that a demand for arbitration of a claim for uninsured motorist benefits was a condition precedent to plaintiff's right to suit. Therefore, a cause of action could not lie until after such a demand was made. As in *Traverse City Bank,* the parties determined by contract when a cause of action would accrue.

In summary, the trial court ruled correctly that plaintiff's claim was not barred by the statute of limitations. Plaintiff's cause of action against defendant is for breach of contract. A cause of action for breach of contract accrues when a contracting party fails to do what he is obligated to do under the contract. In the instant case, defendant's refusal to submit to arbitration was the first point at which defendant could be considered to have breached the contract. Since plaintiff filed her action for breach of contract within six years of the breach, and defendant relies on the six-year general statute of limitations on contract actions, plaintiff's claim is not barred.

Defendant next claims that the trial court erred

in holding that defendant waived its right to arbitration by refusing plaintiff's demand to submit the claim to arbitration. We find defendant's argument to be without merit. Where arbitration is a condition precedent to plaintiff's cause of action against an insurer, but the insurer refuses to submit to arbitration under a claim of right, the insurer has waived arbitration as a matter of law. *Bielski v Wolverine Ins Co,* 379 Mich 280; 150 NW2d 788 (1967), *Kelley v Citizens Mutual Ins Co,* 19 Mich App 177; 172 NW2d 537 (1969), *lv den* 383 Mich 785 (1970).

Defendant's final claim on appeal is that the trial court erred in granting plaintiff's motion for summary judgment because genuine issues of material fact still remained. Defendant contends that it was not collaterally estopped from relitigating the issues of liability and the amount of damages. An examination of the opposing affidavits on plaintiff's motion for summary judgment indicates that the only issues raised in the instant case were whether plaintiff's action was barred by the statute of limitations and whether defendant waived its rights to arbitration by refusing to submit to arbitration. Both issues were resolved against defendant as a matter of law.

A motion for summary judgment under GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. The court must consider the pleadings, affidavits, and other documentary evidence available to it, and must be satisfied that the claim or defense asserted cannot be supported by any evidence at trial before summary judgment may be granted. The motion has the limited function of determining that no issue of fact exists, *Sullivan v The Thomas Organization, PC,* 88 Mich App 77; 276 NW2d 522 (1979).

Although the issue of damages was not part of the pleadings, affidavits, or documentary evidence before the circuit court, we nevertheless agree with defendant DAIIE that this matter has not been adequately resolved as to it. We analogize to a recent case, *American Central Corp v Stevens Van Lines, Inc*, 103 Mich App 507, 513; 303 NW2d 234 (1981), which arose in the context of a default judgment. There, the Court held that

"not having admitted unliquidated damages, it seems apparent that the defaulted party should be permitted to participate in any proceedings under GCR 1963, 520.2(2) whereby the damages are assessed. The amount of the damages is still 'at issue'. While the defaulted party can in nowise challenge his liability in this proceeding, he should be permitted to participate in the hearing to determine the unliquidated damages. Allowing a defaulted defendant to contest the amount of the damages at a jury hearing does not render the entry of default void, for liability is still admitted, but rather better enables a jury to ascertain the truth in assessing damages."

Similarly, in the instant case, defendant's liability to plaintiff under the contract of insurance is clear. However, the amount of damages owing may be different than the amount assessed at the trial against the uninsured motorist. We believe that defendant's failure to plead this issue should not be conclusive as to this matter. "This Court will construe the court rules so as to provide for the meritorious disposition of cases." *American Central Corp, supra,* 513.

While affirming the circuit court's grant of summary judgment on the issues raised, we remand this case for a determination of the amount of damages owed to plaintiff by defendant DAIIE.

Affirmed in part; remanded in accordance with

this opinion. No costs, neither party having prevailed in full. We do not retain jurisdiction.

M. F. Cavanagh, J. *(dissenting)*. I dissent only from my brothers' conclusion that a remand is necessary for a determination of the amount of damages owed to plaintiff by defendant DAIIE. I disagree that the case of *American Central Corp v Stevens Van Lines,* 103 Mich App 507; 303 NW2d 234 (1981), is analogous. In that case, Stevens Van Lines was defaulted and the question arose as to whether the defendant could participate in the jury determination of damages thereafter. This Court held that it could. In this case, we have already indicated that the defendant waived its right to arbitration. There is nothing here that prevented the defendant from intervening in the principal suit if it desired to do so. It elected not to, and I would hold it bound by the terms of its policy to pay the insured whatever the insured is legally entitled to receive from the uninsured motorist. That amount has already been determined to be well in excess of the policy limits. I would hold that the trial court was correct in awarding plaintiff the policy limits and would not remand to allow the defendant to relitigate the damage question.

I would affirm the ruling of the trial court.