STRACHURA v METROPOLITAN LIFE INSURANCE COMPANY

Docket No. 57854. Submitted May 18, 1982, at Detroit.—Decided
February 9, 1983. Leave to appeal applied for.

Josephine T. Strachura was an employee of the General Motors
Corporation. Strachura was insured under a group life insur-
ance policy negotiated between GMC, Metropolitan Life Insur-
ance Company, and the International Union, United Automo-
bile Workers of America. The policy allowed the insured to
draw benefits against her own life insurance proceeds in install-
ments provided that certain conditions were met. Strachura
voluntarily chose an early retirement. Subsequently, over six
years later, Strachura filed a claim for disability benefits to be
drawn against her life insurance policy with the insurer, Met-
ropolitan Life Insurance Company. Metropolitan denied the
claim. Strachura filed suit in Saginaw District Court. The court,
Maurice Van Benschoten, J., granted accelerated judgment for
the defendant because the six-year period of limitation had run.
The plaintiff appealed and the Saginaw Circuit Court, Fred J.
Borchard, J., affirmed. The plaintiff appeals by leave granted.
*Held:*

The circuit court did not err in affirming the grant of
accelerated judgment. The period of limitations begins to run
from the date the insured has an enforceable claim against the
insurer. After the plaintiff suffered her alleged total and per-
manent disability, which should have been discovered immedi-
ately, all she needed to do to collect her insurance proceeds was
to file a claim. Her loss accrued on the first day that she could
have filed a claim. The plaintiff waited for more than six years
before notifying the insurance company and thus her claim is
barred.

Affirmed.

M. F. CAVANAGH, P.J., dissented. He would reverse the grant
of accelerated judgment. He would hold that the period of
limitation should have started to run from the time that the
plaintiff had a legally enforceable claim to the benefits not
when she had a right to elect to claim the benefits. Plaintiff's

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 44 Am Jur 2d, Insurance §§ 1876, 1883, 1884.

claim was not enforceable at the time of her injury·unless she elected to enforce it. The six-year limitation period would not apply until there had been a breach of contract and there was no breach of contract until Strachura elected to discontinue her life insurance and the insurance company refused to pay disability benefits.

OPINION OF THE COURT

1. INSURANCE — LIMITATION OF ACTIONS.

The period of limitation in which to bring a suit on a policy of insurance begins to run from the date an insured has an enforceable claim against the insurer although the running of the period may be tolled from the date that a claim is made to the date that it is denied.

2. INSURANCE — CONTRACTS — LIMITATION OF ACTIONS — ACCRUAL OF CLAIM.

The period of limitation begins to run on an action under an insurance contract from the date when the claim accrues; generally a claim accrues when loss occurs.

DISSENT BY M. F. CAVANAGH, P.J.

3. INSURANCE — LIMITATION OF ACTIONS.

*The period of limitation in which to bring a suit on a policy of insurance under which the insured has various elections should begin to run from the date that an insured has a legally enforceable claim to benefits, i.e., after having made an election to claim benefits, not when the insured has a right to elect to claim benefits.*

*Law Offices of Bernard M. Freid & Associates, P.C.* (by *Edward J. Gallagher),* for plaintiff.

*Rubenstein, Pruchnicki, Chittle & Smith* (by *Alan M. Smith),* for defendant.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Plaintiff was an employee of General Motors Corporation (GMC) until she chose

* Circuit judge, sitting on the Court of Appeals by assignment.

voluntary early retirement on September 27, 1972. Ms. Strachura was insured under a group life insurance policy (policy) negotiated between GMC, Metropolitan Life Insurance Company, and the International Union, United Automobile Workers of America. The policy allows the insureds to draw against their own life insurance proceeds, in installments, provided certain conditions are met, namely:

1. The employee becomes totally and permanently disabled;

2. while insured under the group policy;

3. prior to the insured's sixtieth birthday;

4. if the insured has at least ten years of participation under the group policy;

5. upon satisfactory written proof of disability; and

6. if the employee so elects.

The option is quoted from Part X of the policy:

"If the Employe becomes totally and permanently disabled, while insured under the Group Policy and prior to the end of the calendar month in which his 60th birthday occurs, and if he has credit for at least ten Years of Participation under the Group Policy on the last day of the month in which he becomes so disabled and provided that satisfactory written proof of such disability is submitted, as required herein, and provided the Employe so elects, the Insurance Company shall discontinue the Life Insurance on the life of said Employe and will commence to pay to the Employe, in lieu of the payment of Life Insurance at his death, monthly instalments at the rate of two per cent per month of the amount of the Employe's Life Insurance under the Group Policy at the date of commencement of such disability and continue to make such payments during the period of such disability until the aggregate of the instalments paid during such period of total and permanent disability and the amount of the instalments

paid during any previous period or periods of total and permanent disability equals the amount of the Employe's Life Insurance in force under the Group Policy at the date of commencement of such disability."

Plaintiff filed a claim with Metropolitan on July 24, 1979, claiming she was totally and permanently disabled on or before her last day at work with GMC. Metropolitan denied the claim on September 19, 1979. Plaintiff filed suit. The district court granted defendant's motion for accelerated judgment on the basis that the six-year statute of limitations, MCL 600.5807(8); MSA 27A.5807(8), had run. The circuit court affirmed. We granted leave to appeal to resolve conflicting lower court decisions interpreting this policy.

The statute of limitations begins to run from the date the insured has an enforceable claim against the insurer. Although the statute may be tolled from the date a claim is made to the date it is denied, *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976); *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), no such consideration applies here since the claim was not made until more than six years after plaintiff became disabled. The only issue presented is whether plaintiff's claim became enforceable at the time of her injury, or at some later time.

Normally the statute will not begin to run until all contractual preconditions are met, *i.e.,* until plaintiff has a legally enforceable claim. This generally occurs when the loss takes place. *Traverse City State Bank v Ranger Ins Co,* 72 Mich App 150; 249 NW2d 333 (1976). However, it is plaintiff's position that all the elements of her cause of action did not accrue until she elected to take the

disability benefits and only at that time did the statute of limitations begin to run. We disagree.

The election provision in this policy did not prevent plaintiff from making a claim or bringing suit in the typical "no cause of action shall lie until" language. *Traverse City State Bank, supra.* It merely served to indicate that plaintiff had a choice, to collect disability or to maintain a constant level of life insurance.

Arguably, the election is not a precondition to the claim. Filing the claim exercises the option. Even if the election is viewed as a precondition, it does not have enough independent legal significance to be considered necessary for the claim to accure.

After plaintiff suffered her total and permanent disability, which should have been discovered immediately, all she needed to do to collect her insurance proceeds was file a claim. Her loss "accrued" on the first day she could have filed. Plaintiff waited for more than six years before she notified the insurance company. Therefore, plaintiff's claim is barred by the statute of limitations. Accelerated judgment was the proper disposition of this case.

Affirmed.

M. F. Cavanagh, P.J. *(dissenting)*. I must respectfully dissent. The insurance policy involved here is a group policy in widespread use in this state, having been negotiated as an employee benefit after extensive negotiations between the insurer, the labor union representing the employees, and the management of the company. Under this policy, plaintiff had the right to elect to receive disability benefits. Until such an election was made, plaintiff had no claim to the benefits. I am

persuaded that the statute of limitations should start to run from the time that plaintiff had a legally enforceable claim to the benefits, not when she had a right to elect to claim the benefits.

One can search the terms of this contract in vain seeking language that indicates plaintiff must seek disability benefits within six years or any other period of time. I agree with the statement of the majority that, "[t]he statute of limitations begins to run from the date the insured has an enforceable claim against the insurer". However, plaintiff's claim was not enforceable at the time of her injury unless she elected to enforce it. The six-year statute of limitations would apply but not until there has been a breach of contract. Under the contract's very terms, there is no breach until the employee elects to discontinue his or her life insurance and the insurance company refuses to pay. The parties to this contract apparently saw no need to insert a time limit and, accordingly, this Court should not insert one for them. I would reverse.