KALATA v ALLSTATE INSURANCE COMPANY

Docket No. 75704. Submitted June 20, 1984, at Detroit.—Decided August 6, 1984.

Bernice Kalata caught her leg and ankle in a car door. Her leg became injured and she eventually became totally disabled, but it wasn't until 15 months after the accident that she made the connection between the incident and her injury. She brought an action against Allstate Insurance Company for personal protection benefits. The Macomb Circuit Court, George R. Deneweth, J., granted accelerated judgment for defendant. Plaintiff appealed. *Held:*

An action to recover no-fault personal protection insurance benefits is barred by the period of limitation in the no-fault statute where it is brought more than one year after the accident unless written notice of injury has been given to the insurer within one year or unless the insurer has made a payment of personal protection benefits for the injury.

Affirmed.

LIMITATION OF ACTIONS — NO-FAULT INSURANCE.

An action to recover no-fault personal protection insurance benefits is barred by the period of limitation in the no-fault statute where it is brought more than one year after the accident unless written notice of injury has been given to the insurer within one year or unless the insurer has made a payment of personal protection benefits for the injury (MCL 500.3145[1]; MSA 24.13145[1]).

*Boyer & Churilla, P.C.* (by *Donald M. Churilla),* for plaintiff.

*Mitchell & Leon* (by *Gilbert Potter),* and *Gromek, Bendure & Thomas* (by *James G. Gross* and *John A. Lydick),* of counsel, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 344, 348.
7A Am Jur 2d, Automobile Insurance § 461.

Before: ALLEN, P.J., and WAHLS and M. WAR-SHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff appeals as of right from the trial court's order granting accelerated judgment in favor of defendant on the basis that the one-year period of limitation in MCL 500.3145(1); MSA 24.13145(1) had expired.

In July, 1982, plaintiff was allegedly entering her automobile when the car door closed on her left lower leg and ankle. At the time, she considered the injury inconsequential and therefore did not file a notice of claim with her insurer. Plaintiff subsequently developed pain and swelling in the left lower leg area, and in August, 1982, was unable to work. On September 26, 1982, plaintiff became totally disabled and did not work until November, 1983.

During this time, plaintiff did not connect her injury with the car door accident. Despite consultation with several doctors, her disability went undiagnosed until October, 1983, when it was determined that she suffered from vasculitis, a condition which causes extreme susceptibility to bruising and impedes the healing of open wounds. After the diagnosis was made, plaintiff related her disability to the July, 1982, accident which she alleges precipitated the disability. She filed a claim for personal protection insurance benefits under her no-fault policy issued by defendant. On October 28, 1983, she brought suit for the benefits. Defendant filed a motion for accelerated judgment on the basis that the one-year period of limitation for no-fault claims set forth in MCL 500.3145(1); MSA 24.13145(1) had expired. An order granting

* Circuit judge, sitting on the Court of Appeals by assignment.

accelerated judgment was entered on December 20, 1983.

The sole issue is whether accelerated judgment was properly granted. Section 3145(1) of the no-fault act provides that an action for recovery of personal protection insurance benefits for accidental bodily injury may not be commenced later than *one year after the date of the accident causing the injury* unless written notice of injury is given to the insurer within one year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. In the present case plaintiff did not give timely notice of the injury and her lawsuit was commenced some 15-1/2 months after the date of the accident. It is clear that the present action was commenced after expiration of the statutory period.

Plaintiff cites the medical malpractice statute of limitations, MCL 600.5838; MSA 27A.5838, and decisions interpreting that statute, and requests this Court to read into the no-fault act a provision tolling commencement of the period of limitation until such time as plaintiff discovered that her injury was related to the automobile accident. Plaintiff fails to cite any authority or persuasive legal reasoning in support of this novel proposition, and we decline to engage in such judicial legislation. The no-fault insurance act expressly contemplates the accrual of an action at the time of the *accident.* Had the Legislature intended a discovery rule for the no-fault insurance act, it could have expressly so provided, as it did for medical malpractice claims. In fact, it appears that the Legislature intended to avoid the application of a discovery rule by stating that the claim accrues at the time of the accident rather than at the time of the injury.

In view of the express language of § 3145(1), we conclude that plaintiff's contention is without merit. Accelerated judgment was properly granted in favor of defendant.

Affirmed.