SALLEE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 125016. Submitted January 17, 1991, at Detroit. Decided
    April 9, 1991; approved for publication July 11, 1991, at 9:30
    A.M.

    Teddy Sallee brought an action in the Wayne Circuit Court
    against Auto Club Insurance Association, seeking to compel
    arbitration of his uninsured motorists claim, which arose when
    he was fourteen years old, more than five years before the
    demand for arbitration. The court, Cynthia D. Stephens, J.,
    granted summary disposition for the defendant and dismissed
    the complaint, finding that the action was not filed within the
    three-year period of limitation provided in the policy. The
    plaintiff appealed, arguing that the three-year limitation vio-
    lates public policy, because it ignores Michigan law which tolls
    limitations periods for minors until one year after their eigh-
    teenth birthday.

    The Court of Appeals held:

    1. The insurance contract specifically states that the three-
    year period during which arbitration may be demanded runs
    from the date of the accident. The no-fault act specifically
    provides that an action accrues at the time of the accident. The
    contractual limitation period is not tolled until discovery by the
    plaintiff of the fact that the alleged tortfeasors were uninsured.
    The limitation period was tolled by statute until one year after
    the plaintiff's eighteenth birthday. This action, brought after
    the plaintiff's nineteenth birthday, is barred by expiration of
    the period of limitation.

    2. The plaintiff did not preserve for appeal an issue regarding
    breach of contract.

    Affirmed.

*Christensen & Bannigan, P.C.* (by *Timothy J. Christensen*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Gwendolyn Taylor*) (*John A. Lydick,* of Counsel), for the defendant.

Before: Marilyn Kelly, P.J., and Holbrook, Jr., and Michael J. Kelly, JJ.

Per Curiam. Plaintiff appeals as of right from the circuit court's order dismissing his complaint for declaratory relief. He had filed suit seeking an order compelling defendant Auto Club Insurance Association to proceed with arbitration on his uninsured motorists claim. We affirm.

On October 6, 1982, plaintiff was injured when the moped he was riding collided with an automobile. Anton Lee was driving the moped. Johnnie Adams was driving the automobile. Plaintiff was fourteen years old at the time of the accident.

On November 13, 1982, plaintiff filed an application for benefits with defendant. He was covered under an automobile policy which defendant issued to his mother. He received personal injury protection benefits from defendant.

On September 26, 1986, plaintiff filed a lawsuit against Lee and Adams. He was unable to serve process on them and determined, sometime in late 1987, that they were uninsured. On March 24, 1988, more than five years after the accident, plaintiff demanded arbitration pursuant to the uninsured motorists provisions of the insurance policy. Defendant refused, because the claim had not been timely filed. The policy required that a demand for arbitration be made within three years of the date of the accident. As a result of defendant's refusal to go to arbitration, plaintiff filed this complaint in circuit court for declaratory relief.

Plaintiff alleges that the court erred in granting summary disposition to defendant. He contends that the three-year limitation violates public policy, because it ignores Michigan law which tolls limitations periods for minors until one year after

their eighteenth birthday. MCL 600.5851(1); MSA 27A.5851(1). Defendant concedes that the limitations period was tolled until plaintiff's disability was removed and acknowledges that plaintiff could have demanded arbitration anytime before his nineteenth birthday, March 7, 1987. However, defendant points out, plaintiff did not make the demand until March 24, 1988.

Plaintiff also contends that the limitations period violates public policy. If not, he argues, an insured has far less time in which to determine whether the tort-feasor is insured than he· has to bring suit against him. When the tort-feasor is uninsured, the insured is left in a much worse position than when the tort-feasor is insured. Plaintiff urges us to find that the limitations period begins to run only once it is determined that the tort-feasor is uninsured.

Plaintiff received benefits for his economic losses from defendant. These benefits are paid regardless of fault. The No-Fault Act removes all tort liability except for those situations where the injury is serious enough to satisfy the threshold requirements of the act. MCL 500.3135; MSA 24.13135. The act requires minimum liability coverage for this residual tort liability. Coverage for the situation where the tort-feasor is not insured is optional and not required by the act.

Plaintiff's third-party negligence action against Lee and Adams is governed by a three-year statute of limitations. MCL 600.5805(8); MSA 27A.5805(8). Thus, whether plaintiff sues Lee and Adams or seeks recovery from his insurer, he has three years to determine whether the alleged tort-feasors are insured.

We decline to impose a discovery rule of accrual. Uninsured motorists coverage is not required by the No-Fault Act. Its availability is governed by

the insurance contract between the parties. The contract in this case specifically states that the claims period begins to run from the date of the accident. This Court has previously refused to read a discovery rule into the No-Fault Act, because the act specifically provides that the action accrues at the time of the accident. *Gagliardi v Flack,* 180 Mich App 62, 73-74; 446 NW2d 858 (1989); *Kalata v Allstate Ins Co,* 136 Mich App 500, 502; 356 NW2d 40 (1984).

Finally, plaintiff argues that he should be entitled to bring a breach of contract action against defendant. He claims the six-year statute of limitations period for contract breach should not have begun to run until defendant denied his uninsured motorists claim.

Plaintiff mentioned this issue in one sentence in his lower court brief. He did not address it at the hearing on defendant's motion for summary disposition. The trial court never reached the issue. Thus, it was not preserved for appeal. *Providence Hosp v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987); *Ackerberg v Grant Community Hosp,* 138 Mich App 295, 299; 360 NW2d 599 (1984).

Affirmed.