MAPES v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 148806. Submitted September 13, 1994, at Lansing. Decided December 6, 1994, at 9:05 A.M. Leave to appeal sought.

Michael Mapes brought an action in the Midland Circuit Court against Auto Club Insurance Association, his no-fault automobile insurer, after the defendant rejected an uninsured motorist claim filed by the plaintiff on November 12, 1990, concerning an October 3, 1987, accident involving the plaintiff's automobile and that of another driver. After the accident, the plaintiff had pursued negotiations with the other driver's insurer until he was informed by the Insurance Bureau on January 3, 1990, that the insurer was insolvent. The court, Paul J. Clulo, J., granted summary disposition for the defendant, ruling that the claim was not timely under the defendant's policy, which requires that a demand for arbitration be made, or suit filed, within three years of the accident giving rise to the uninsured motorist claim. The plaintiff appealed.

The Court of Appeals *held:*

The period of limitation governing an action on an insurance contract, whether it is six years pursuant to statute or a shorter one pursuant to contract, begins to run from the date an insured has a legally enforceable claim against the insurer. In this case, the plaintiff did not have a legally enforceable uninsured motorist claim against the defendant until January 3, 1990, because the other driver was not uninsured until that date. Accordingly, the plaintiff had three years from January 3, 1990, within which to file a claim against the defendant, and his November 12, 1990, claim therefore was timely.

Reversed and remanded.

*Gruel, Mills, Nims & Pylman* (by *William F. Mills* and *J. Paul Janes*), for the plaintiff.

*John A. Lydick,* for the defendant.

Before: WEAVER, P.J., and CAVANAGH and C. C. SCHMUCKER,* JJ.

PER CURIAM. In this automobile insurance case we are called upon to determine the date of accrual of plaintiff's uninsured motorist claim.

The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) (claim time-barred). Plaintiff appeals as of right, and we reverse.

Plaintiff, Michael Mapes, was injured in an accident involving his automobile and that of another on October 3, 1987, after which he commenced negotiations with the other driver's insurance carrier, Cadillac Insurance Company. On January 3, 1990, the Michigan Insurance Bureau notified plaintiff that Cadillac was insolvent. On June 27, 1990, plaintiff filed a proof of claim with the Michigan Insurance Bureau. On August 20, 1990, the Michigan Property and Casualty Guaranty Association informed plaintiff that, under MCL 500.7931(3); MSA 24.17931(3), plaintiff was required to pursue an uninsured motorist claim before he would be eligible to recover from the association. On November 12, 1990, plaintiff notified his insurer, defendant AAA Insurance Company (more properly referred to as Auto Club Insurance Association), of his uninsured motorist claim. On November 30, 1990, defendant denied the claim as untimely on the basis of a provision in the insurance policy requiring a claim to be brought within three years of the date of the accident. On February 4, 1991, the association denied plaintiff's claim because of his delay in pursuing his uninsured motorist claim.

Plaintiff filed suit, and the court granted defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's motion for summary disposition. This appeal followed.

Essentially, the sole issue on appeal is whether the trial court erred in finding that plaintiff's uninsured motorist claim accrued on the date of the accident rather than on the date he was notified of Cadillac's insolvency.

The statute of limitations on an insurance contract begins to run from the date an insured has a legally enforceable claim against the insurer. *Strachura v Metropolitan Life Ins Co,* 123 Mich App 190, 193; 333 NW2d 219 (1983), rev'd on other grounds 417 Mich 1100.20 (1983). An insurer may contractually shorten the statutory six-year limitation period for bringing a claim for recovery of uninsured motorist benefits. See *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588, 592; 242 NW2d 396 (1976); *Jacobs v DAIIE,* 107 Mich App 424, 430; 309 NW2d 627 (1981).

In the instant case, the uninsured motorist provisions of plaintiff's policy required that a demand for arbitration be made, or suit filed, within three years of the date of the accident. We agree with the trial court that the policy was not ambiguous. Moreover, the three-year time limitation is not unreasonable. See *Thomas, supra.* However, plaintiff did not have a legally enforceable uninsured motorist claim until January 3, 1990, because, in effect, the alleged tortfeasor was not uninsured until that date. See *Strachura, supra.*[1]

The intent of the parties was that plaintiff would have three years in which to file an uninsured motorist claim. By operation of law, that

---

[1] In this case, the alleged tortfeasor was not uninsured at the time of the accident but became so some two years later. This case is thus distinguishable from *Sallee v Auto Club Ins Ass'n,* 190 Mich App 305, 307-308; 475 NW2d 828 (1991), where this Court held that it would not impose a discovery rule of accrual.

period did not commence until January 3, 1990. Accordingly, the claim, which was filed on November 12, 1990, was timely.

Reversed and remanded. We do not retain jurisdiction.