# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE WAGNER and JAMES WAGNER,

Plaintiffs-Appellees,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellant,

and

CONOR LEWIS and GREG LEWIS,

Defendants.

FOR PUBLICATION
September 12, 2017
9:05 a.m.

No. 332400
Kalamazoo Circuit Court
LC No. 2014-000452-CK

Before: TALBOT, C.J., and O'CONNELL and CAMERON, JJ.

PER CURIAM.

Defendant Conor Lewis rear-ended plaintiff Michelle Wagner. Conor's father, defendant Greg Lewis, Michelle, and Michelle's husband, plaintiff James Wagner, had automobile insurance policies with defendant Farm Bureau Mutual Insurance Company of Michigan. The accident spurred multiple lawsuits. The instant suit involves plaintiffs' first-party claim for uninsured motorist (UM) benefits.[1] Farm Bureau moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that plaintiffs' UM claims were time barred because plaintiffs failed to comply with the policy's notice and filing provisions. The trial court denied Farm Bureau's motion, concluding that Farm Bureau's policy was ambiguous. Farm Bureau appeals as on leave granted.[2] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The trial court entered an order dismissing all claims against Conor and Greg. All parties to this litigation are insured by Farm Bureau.

[2] *Wagner v Farm Bureau Mut Ins Co of Mich*, 500 Mich 945; 890 NW2d 359 (2017).

On May 17, 2010, Michelle was driving and a car rear-ended her. Michelle sustained injury. Michelle and Conor spoke at the scene. Michelle said that Conor stated that he was delivering a pizza for his job at Pizza Hut and indicated that he was insured through Farm Bureau. Greg reported the accident to Farm Bureau.

On May 2, 2013, plaintiffs filed a third-party automobile liability claim against Conor, Greg, and Pizza Hut of Kalamazoo. Farm Bureau provided a defense under a reservation of rights, citing language in Greg's policy that Farm Bureau does not provide coverage " 'for liability arising out of the . . . operation of a vehicle while it is being used to carry . . . property for a fee.' " Farm Bureau later filed a declaratory action, seeking a declaration that it had no duty to defend or indemnify Conor or Greg from plaintiffs' third-party claim. Farm Bureau then moved for summary disposition. On June 23, 2014, the trial court granted Farm Bureau's motion. This Court affirmed.[3]

On May 12, 2014, plaintiffs notified Farm Bureau of its potential UM or underinsured motorist claim. Farm Bureau sent plaintiffs a letter asserting that the notice was not timely pursuant to the parties' policy, and, therefore, concluded that plaintiffs would not be eligible for UM coverage.

The policy states that Farm Bureau will "pay compensatory damages which [plaintiffs are] legally entitled to recover from the owner or operator of an **uninsured automobile**," defines an uninsured automobile, and requires an injured person making a claim to provide proof that the automobile meets this definition. The policy contained a time limit for initiating an UM action, specifically stating that the claimant had three years after the date of the accident to notify Farm Bureau of its UM claim and file suit. However, the policy also stated that failure to perform a duty or give notice would not invalidate a claim if it was not "reasonably possible" to do so and the claimant performed "as soon as reasonably possible."

On August 20, 2014, plaintiffs filed the instant suit. Plaintiffs sought a declaratory judgment, seeking a declaration that plaintiffs' UM claim did not accrue until the trial court's June 23, 2014 order declaring that Farm Bureau had no duty to defend or indemnify Conor or Greg, that plaintiffs' third-party action tolled the running of the UM notice and filing provisions, and that plaintiffs' appeal of the June 23, 2014 order further tolled the statute of limitations. Additionally, plaintiffs brought a breach of contract claim, alleging that Farm Bureau's letter stating that plaintiffs would not be eligible for UM coverage constituted an anticipatory breach of the policy.

Farm Bureau moved for summary disposition, arguing that plaintiffs' UM claims were time barred pursuant to the policy's unambiguous, enforceable, notice and filing time limitations. Under these provisions, the UM claim accrued on the date of the accident, May 17, 2010, and plaintiffs needed to notify Farm Bureau of their UM claim and file their UM claim within three years, by May 17, 2013. However, plaintiffs did not notify Farm Bureau of their UM claim until

---

[3] *Farm Bureau Mut Ins v Wagner*, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2015 (Docket No. 322738).

May 12, 2014, and did not file their UM claim until August 20, 2014. Further, it was reasonably possible for plaintiffs to comply with the notice and filing provisions, and the limitations could not be tolled.

Plaintiffs asked the trial court to deny Farm Bureau's motion. Plaintiffs argued that the determination of a vehicle's uninsured status impacted the accrual date of a UM claim, that they did not learn that Conor's vehicle was uninsured until more than three years after the accident, and that they complied with the policy as soon as reasonably possible.

The trial court denied Farm Bureau's motion. The trial court found the policy to be "inconsistent on its face," and, therefore, ambiguous, because it "clearly states that a suit against [Farm Bureau] may not be commenced later than three years after the accident" and "also clearly states that the uninsured automobile here did not become an uninsured automobile until Farm Bureau's written denial of coverage had been sustained by final court action." Farm Bureau drafted the policy, and the trial court, therefore, construed the ambiguity against Farm Bureau. Further, the trial court reasoned that the claim accrued and Conor's vehicle became an uninsured automobile on June 23, 2014.

## II. STANDARDS OF REVIEW

A court must grant a motion for summary disposition pursuant to MCR 2.116(C)(7) if "dismissal of the action" "is appropriate because of" a "statute of limitations." A trial court must grant a party's motion for summary disposition pursuant to MCR 2.116(C)(8) if the "opposing party has failed to state a claim on which relief can be granted." This occurs "when the claims are so unenforceable as a matter of law that no factual development could possibly justify recovery." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 324; 869 NW2d 635 (2015) (quotations and citations omitted). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A "trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

We review de novo a trial court's resolution of a motion for summary disposition, conclusion whether an insurance contract is ambiguous, and interpretation of a contract. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999).

## III. ANALYSIS

Farm Bureau argues that the trial court erred when it determined that the parties' UM policy was ambiguous and denied its motion for summary disposition. We disagree.

UM "insurance permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the

uninsured at-fault driver." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). The UM "policy language governs the coverage." *Scott v Farmers Ins Exch*, 266 Mich App 557, 561; 702 NW2d 681 (2005).[4] We read the policy as a whole, giving meaning to each term and giving each term its plain and ordinary meaning. *Id*. We enforce an unambiguous contract "as written unless the provision would violate law or public policy." *Rory*, 473 Mich at 470. A contract is ambiguous if its words can be reasonably understood in different ways or when its provisions irreconcilably conflict. *Cole v Auto Owners Ins Co*, 272 Mich App 50, 53; 723 NW2d 922 (2006). Any "ambiguous language presents a question of fact." *Id*. If the parties' intent cannot be determined after considering extrinsic evidence, the court should construe the contract against the drafter. *Id*.

In this case, the parties' UM policy is ambiguous because its provisions irreconcilably conflict. The policy contains a time limit for notifying Farm Bureau of a UM claim and filing suit. It states that

> Any person seeking Uninsured Motorist Coverage must:
>
> * * *
>
> b. present to [Farm Bureau] a written notice of the claim for Uninsured Motorist Coverage within three years after the **accident** occurs."
>
> A **suit** against us for Uninsured Motorist Coverage may not be commenced later than three years after the **accident** that caused the injuries being claimed. [(Emphasis in original).]

The accident occurred on May 17, 2010. Therefore, the three year time limits expired on May 17, 2013.

However, plaintiffs did not have a UM claim within three years of the accident. The policy states that Farm Bureau will "pay compensatory damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured automobile**." (Emphasis in original). The policy defines an uninsured automobile as "an **auto** operated on a public highway:"

> (1) to which no **bodily injury** liability policy or bond applies:
>
> (a) at the time of the **accident**; and
>
> (b) in at least the minimum amounts required by the Financial Responsibility Laws in the State of Michigan;[or]

---

[4] Therefore, plaintiffs' argument that MCL 600.5807's six year statute of limitations applies to their UM claim is incorrect.

       (3) insured by a company that has issued a written denial of coverage that has been sustained by final court action, or to which we agree in writing. [(Emphasis in original).]

The policy required plaintiffs, when making a claim, to either "provide proof(s) affirming that the **auto** and operator were not covered by a liability policy or bond at the time of the **accident**" or "provide a final declaratory judgment against the owner and operator of the **uninsured automobile** establishing that the **auto** and operator were not covered by a liability policy or bond at the time of the **accident**." (Emphasis in original).

       The automobile Conor drove did not become uninsured until June 23, 2014. Plaintiffs filed a third-party claim against Conor and Greg.[5] Farm Bureau made a reservation of rights, sought a declaration that it had no duty to defend or indemnify Conor or Greg, and moved for summary disposition. The trial court granted Farm Bureau's motion on June 23, 2014. This order made the vehicle Conor drove uninsured after the time to notify Farm Bureau of a UM claim and file a UM claim had expired. Because plaintiffs could not notify Farm Bureau of, or file, a UM claim that did not exist, the policy's definition of an uninsured automobile, requirement that plaintiffs provide proof that the automobile meets this definition, and UM notice and filing time limitations, irreconcilably conflict. Therefore, the policy is ambiguous, a question of fact existed, and the trial court correctly denied Farm Bureau's motion for summary disposition pursuant to MCR 2.116(C)(10).

       An additional policy provision highlights this ambiguity and suggests that it is possible to interpret the policy in a manner that would allow a factfinder to conclude that plaintiffs timely provided notice and timely filed a UM claim. The policy states that

> Failure to perform any duty or to give any notice required does not invalidate [plaintiffs'] claim if [plaintiffs] show that it was not reasonably possible to perform such duty or give such notice promptly or within such time otherwise specified in this policy, and that [plaintiffs] performed the duty or submitted the notice as soon as reasonably possible.

This provision applies "to all parts of this policy." Plaintiffs notified Farm Bureau of their potential UM claim while Farm Bureau's declaratory action was pending. Further factual development and consideration of extrinsic evidence could allow a factfinder to conclude that plaintiffs submitted notice of their UM claim and filed their UM claim as soon as reasonably

---

[5] Farm Bureau faults plaintiffs for waiting to file their third-party claim until May 2, 2013, 15 days before the UM notice and filing time limits expired. Appellants "may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 650; 662 NW2d 424 (2003). Farm Bureau cited no authority requiring plaintiffs to file their third-party claim at an earlier date. Further, Farm Bureau admits in reply that plaintiffs timely filed their third-party suit.

possible. Therefore, the trial court correctly denied Farm Bureau's MCR 2.116(C)(8) motion for summary disposition.

Additionally, the trial court correctly denied Farm Bureau's MCR 2.116(C)(7) motion because the policy does not unambiguously state that plaintiffs' UM action is time barred.

These provisions create an ambiguous accrual date. A policy sets the date of accrual for an UM claim. See *Sallee v Auto Club Ins Ass'n*, 190 Mich App 305, 307-308; 475 NW2d 828 (1991). The policy's time limit for notifying Farm Bureau of a UM claim and filing suit states that the claim accrues on the date of the accident, but also requires plaintiffs to provide proof that the automobile was uninsured, suggesting that the claim could accrue once an automobile is determined to be uninsured. Therefore, the trial court incorrectly determined an accrual date for plaintiffs' UM claim at the summary disposition stage.

Additionally, the policy creates ambiguity as to whether the UM filing limitations can be tolled. See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 564, 582; 702 NW2d 539 (2005); *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 200-201; 747 NW2d 811 (2008). The policy requires plaintiffs to provide proof that an automobile is uninsured, allows for an automobile to become insured after the UM notice and filing deadlines, and states that the failure to perform a duty will not invalidate a claim if it is not reasonably possible to do so and performance occurs as soon as reasonably possible. Therefore, the policy may toll the UM filing limitation until an automobile's insured status is determined.

Farm Bureau did not cite case law to support its argument that courts have declared all UM time limits to be unambiguous. Rather, some cited case law is inapplicable. The Court in *Rory*, 473 Mich at 465-490, analyzed whether a court could disregard a contract provision as unreasonable and whether a policy constituted an unenforceable adhesion contract. The Court in *Devillers*, 473 Mich at 586-593, analyzed whether a statute could be judicially tolled. Neither Court analyzed whether a UM policy was unambiguous. Other case law Farm Bureau cited is distinguishable. The Court in *McDonald*, 480 Mich at 203, only analyzed whether the term "legal action" as used in a UM claim was ambiguous. The Court in *Morley v Auto Club of Mich*, 458 Mich 459, 464, 468-469; 581 NW2d 237 (1998), analyzed whether a UM contract was ambiguous when the trial court found an arbitration clause to be ambiguous. The Michigan Supreme Court rejected the ambiguity argument "under these facts" because plaintiffs could have preserved their UM claim by filing a timely demand for arbitration, and plaintiffs submitted a letter demonstrating an understanding of the policy, suggesting it was not ambiguous. *Id*. at 469.

Because we agree with the trial court that Farm Bureau's motion for summary disposition should be denied because the policy is ambiguous, we do not consider plaintiffs' alternate arguments for denying summary disposition.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Thomas C. Cameron

-6-