# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 8, 2018

156669

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

MICHELLE WAGNER and JAMES WAGNER,
      Plaintiffs-Appellees,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,
      Defendant-Appellant,

and

CONOR LEWIS and GREG LEWIS,
      Defendants.

SC: 156669
COA: 332400
Kalamazoo CC:
2014-000452-CK

_____/

On order of the Court, the application for leave to appeal the September 12, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent. I would grant leave to appeal to consider whether the Court of Appeals correctly determined that the insurance contract at issue "irreconcilably conflicted" regarding the amount of time plaintiff had to file suit for uninsured motorist (UM) benefits.

On May 17, 2010, plaintiff was injured in an automobile accident when her car was struck from behind by a vehicle driven by Conor Lewis. On May 2, 2013, plaintiff filed suit against Lewis for negligence. While that suit was pending, Lewis's insurer—defendant—filed a declaratory judgment action seeking a ruling that it had no duty to reimburse Lewis in the negligence action because of a policy exclusion, and on June 23, 2014, summary disposition was granted in defendant's favor. On August 20, 2014, plaintiff filed the instant suit against Farm Bureau (also her insurer) seeking UM benefits under her policy. Farm Bureau moved for summary disposition, arguing that plaintiff's suit was untimely because it was filed more than three years after the date of the accident. The trial court denied this motion, and the Court of Appeals affirmed. *Wagner v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 251 (2017).

The issue here is whether plaintiff's suit for UM benefits is barred by the contractual period of limitations. As this Court has explained:

> Uninsured motorist insurance permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the uninsured at-fault driver. Uninsured motorist coverage is optional; it is not compulsory coverage mandated by the no-fault act. Accordingly, the rights and limitations of such coverage are purely contractual and are construed without reference to the no-fault act. [*Rory v Continental Ins Co*, 473 Mich 457, 465-466 (2005) (citations omitted).]

An unambiguous contractual provision must be enforced "as written unless the provision would violate law or public policy." *Id*. at 470. A contractual term is only "ambiguous" if the contract is "*equally* susceptible to more than a single meaning," *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40 (2017) (emphasis added), or if two provisions of the contract "*irreconcilably* conflict with each other," *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467 (2003) (emphasis added). "[A] finding of ambiguity is to be reached only after 'all other conventional means of [ ] interpretation' have been applied and found wanting." *Mayor of the City of Lansing v Pub Serv Comm*, 470 Mich 154, 165 (2004), quoting *Klapp*, 468 Mich at 474.

The contract at issue specifically addresses the amount of time plaintiff has to bring suit against Farm Bureau seeking UM benefits:

> 3. Time Limitation for Action Against Us
>
> Any person seeking Uninsured Motorist Coverage must:
>
> a. present the claim for compensatory damages in compliance with all the Duties After an Accident or Loss listed on page 4 of this policy and all other terms and conditions of this coverage and policy; and
>
> b. present to us a written notice of the claim for Uninsured Motorist Coverage within three years after the accident occurs.
>
> *A suit against us for Uninsured Motorist Coverage may not be commenced later than three years after the accident that caused the injuries being claimed.* [Emphasis added.]

This provision (the "three-year filing limitation") clearly prohibits plaintiff from filing a suit seeking UM benefits "later than three years after the accident that caused the injuries being claimed." However, the Court of Appeals concluded that the contract was "ambiguous" on this point because other provisions "irreconcilably conflicted." Specifically, the court noted that the contract defines an "uninsured automobile" as:

a. an auto operated on a public highway:

(1) to which no bodily injury liability policy or bond applies:

(a) at the time of accident; and

(b) in at least the minimum amounts required by the Financial Responsibility Laws in the State of Michigan; [or]

\* \* \*

(3) insured by a company that has issued a written denial of coverage that has been sustained by final court action, or to which we agree in writing[.]

The Court of Appeals held that plaintiff could not have sustained a claim for UM benefits within three years after the accident, as Lewis's vehicle was not an "uninsured automobile" until the declaratory judgment was entered against Lewis more than three years after the accident, and therefore that the contract's definition of "uninsured automobile" "irreconcilably conflicted" with the three-year filing limitation, rendering the contract "ambiguous" regarding when such a suit must be maintained.

I question this conclusion. These provisions seemingly address two separate requirements: (a) *when* a claim must be brought; and (b) what must be *shown* to obtain benefits. That plaintiff must show that the other vehicle was uninsured to recover UM benefits does not necessarily affect the amount of time she has to bring suit. Rather, it may be that plaintiff simply bore the burden, by whatever means available, to establish the predicate for her UM claim within three years after the accident occurred. Thus, I do not see how these two provisions "irreconcilably conflict."

The Court of Appeals also reasoned that its finding of ambiguity was supported by an additional contractual provision providing:

Failure to perform any duty or to give any notice required does not invalidate [plaintiff's] claim if [plaintiff] show[s] that it was not reasonably possible to perform such duty or give such notice promptly or within such time otherwise specified in this policy, and that [plaintiff] performed the duty or submitted the notice as soon as reasonably possible.

The Court of Appeals explained that this provision (the "reasonably possible" provision) created an "ambiguity" regarding "whether the UM filing limitations could be tolled." *Wagner*, 321 Mich App at 261.

Implicit in the court's reasoning is its premise that the "reasonably possible" provision applies to the three-year filing limitation. However, I question whether this limitation can reasonably be characterized as setting forth a "duty" that a claimant is "required" to perform under the contract that is subject to the reasonably possible provision. Rather, the provision is written in the form of a prohibition, ("A suit against us for Uninsured Motorist Coverage *may not be commenced* later than three years after the accident that caused the injuries being claimed"), rather than as an affirmative "duty" that one is "required" to perform in order to recover. (Emphasis added.) Accordingly, I believe there is a reasonable argument that the "reasonably possible" provision is not applicable to the filing limitation at all.

Even assuming that the "reasonably possible" provision *does* apply to the three-year filing limitation, I question whether it *conflicts* with the filing limitation. The filing limitation could be read as the general requirement while the "reasonably possible" provision could be read as *excusing* a "failure to perform" in a timely matter. In other words, these provisions could possibly be harmonized such that a claimant must bring suit within three years after the accident occurred *unless* it was not "reasonably possible to perform such duty . . . within such time otherwise specified in this policy . . . ." Thus, I am not certain that the "reasonably possible" provision and the limitation are in irreconcilable conflict.

A genuine "ambiguity" is rare because "a diligent application of the rules of interpretation will normally yield a 'better,' albeit perhaps imperfect, interpretation of the" contract at issue. *Mayor*, 470 Mich at 166. Because I am not yet persuaded that this is one of those rare cases involving an ambiguous contractual term in which there is an "irreconcilable conflict," I would grant leave to appeal to ascertain whether the Court of Appeals should have resolved the motion for summary disposition on the basis of the actual language of the contract rather than remanding for further factual development in light of its findings of "ambiguity."

ZAHRA and WILDER, JJ., join the statement of MARKMAN, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 8, 2018



a0605

Clerk