*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WINFIRE MANAGEMENT, LLC,

        Plaintiff-Appellee,

v

MASSACHUSETTS BAY INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2023

No. 362960
Wayne Circuit Court
LC No. 21-006976-CB

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

This insurance coverage dispute involves a commercial insurance policy ("the Policy") that plaintiff, Winfire Management, LLC ("Winfire") held with defendant, Massachusetts Bay Insurance Company ("Mass Bay"). The trial court concluded that the Policy covered Winfire's business-income losses that resulted from a sewer backup and entered judgment in Winfire's favor. Because the plain language of the Policy excluded coverage for this type of claim, we reverse.

## I. BACKGROUND

This case involves Winfire's claim for lost rental income following a July 2020 sewer backup at one of Winfire's commercial properties. Winfire sued Mass Bay for breach of contract for refusing to cover these business-income losses. Soon after, Mass Bay moved for summary disposition under MCR 2.116(C)(10), arguing that the Policy did not provide business-interruption coverage for losses from a sewer backup. While conceding that the Policy covered physical damage from sewer backups, Mass Bay explained that, taking together the policy provisions in the Business Income (And Extra Expense) Coverage Form ("the BI Form") and the Causes of Loss – Special Form ("the CL Form"), the Policy excluded coverage for lost business income from a sewer backup.

In response, Winfire disputed Mass Bay's interpretation of the Policy. Winfire argued that, because the Policy covered property damage from sewer backups under the Gold Property Broadening Endorsement ("the GP Endorsement"), a sewer backup was a covered loss triggering business-income loss coverage under the BI form. At a minimum, Winfire contended that the

Policy was ambiguous regarding the coverage at issue and that the ambiguity should be construed in its favor. Accordingly, Winfire requested a judgment in its favor under MCR 2.116(I)(2).

The trial court concluded that the GP Endorsement broadened commercial property coverage to include business-income losses resulting from a sewer backup. Accordingly, the court held, as a matter of law, that the Policy covered Winfire's business-income losses from the July 2020 sewer backup. The court entered an order denying Mass Bay's motion for summary disposition, granting judgment for Winfire under MCR 2.116(I)(2) on the issue of liability, and continuing the case for a determination on damages. The parties later stipulated to the amount of damages pending Mass Bay's appeal of the trial court's liability determination. After the trial court entered final judgment for Winfire, this appeal followed.

## II. PRINCIPLES OF LAW

The sole issue on appeal is whether the Policy covered Winfire's business-income losses resulting from the sewer backup. "We review de novo a trial court's resolution of a motion for summary disposition, conclusion whether an insurance contract is ambiguous, and interpretation of a contract." *Wagner v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 251, 257; 908 NW2d 327 (2017). That means we analyze the legal issues independently, giving "respectful consideration, but no deference" to the trial court's conclusions. *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when the evidence submitted by the parties, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160. "[S]ummary disposition is proper under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Blackwell v Livonia*, 339 Mich App 495, 501; 984 NW2d 780 (2021).

Whether summary disposition was warranted depends entirely on the proper interpretation of the Policy. Insurance policies are contracts that are subject to the same principles of interpretation as any other type of contract. *Fashho v Liberty Mut Ins Co*, 333 Mich App 612, 616; 963 NW2d 695 (2020). We assign the words of the policy their plain and ordinary meaning and apply unambiguous policy provisions as written. *Id*. And, as much as possible, we must "give effect to every word or phrase" of the policy. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). "A contract is ambiguous when, after considering the entire contract, its words may reasonably be understood in different ways." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 146; 871 NW2d 530 (2015). Ambiguous provisions of an insurance policy are "construed against the insurer and in favor of coverage." *Id*. But "courts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity." *Klapp*, 468 Mich at 467. Finally, when an insurance company argues that a policy exclusion negates coverage, "[t]he insurance company has the burden to prove that one of the policy's

exclusions applies." *Auto Owners Ins Co*, 310 Mich App at 146. Consistent with the rules of interpretation, "clear and specific exclusions will be enforced as written so that the insurance company is not held liable for a risk it did not assume." *Id*. at 146-147.

## III. ANALYSIS

Mass Bay argues that that the plain language of the Policy excluded coverage for business-income losses from a sewer backup. According to Mass Bay, the terms of the declarations, the GP Endorsement, the BI form, and the CL form all "functioned in unity" to exclude this coverage.

Winfire's commercial property insurance policy with Mass Bay provided blanket building coverage, blanket business-income coverage, and blanket personal property coverage. The Policy's declarations, for each part of coverage, list "Special" under the heading "Cause of Loss." The Policy also includes a list of forms applicable to these parts of coverage. The GP Endorsement, the BI form, and the CL form are all included in this list.

There is no dispute that evaluating Winfire's claim for business-income losses begins with the BI form. The BI form governs business-income coverage and states that a claimed business-income loss "must be caused by or result from a *Covered Cause of Loss*." (Emphasis added.) Section A.3 of the BI form provides:

> **3. Covered Causes of Loss, Exclusions And Limitations**
>
> See applicable Causes of Loss form as shown in the Declarations.

In turn, the applicable Causes of Loss form—the CL Form as identified in the declarations—provides:

> **A. Covered Causes Of Loss**
>
> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.
>
> **B. Exclusions**
>
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> * * *
>
> **g. Water**
>
> * * *
>
> **(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment . . . .

-3-

Interpreting these provisions, we agree with Mass Bay that the Policy explicitly excluded coverage for business-income losses from a sewer backup. Under the BI form, a necessary predicate to business-income coverage was that the loss was caused by a Covered Cause of Loss. That phrase—Covered Cause of Loss—is either capitalized[1] or bolded throughout the relevant policy provisions, giving it a consistent meaning when referenced across various forms.[2] Section A.3 of the BI form—titled and bolded "Covered Causes of Loss, Exclusions and Limitations"— directs to the CL form to determine what losses are covered or excluded. Thus, the CL form controls what constitutes a Covered Cause of Loss to trigger business-income coverage under the Policy. Per the CL form, a Covered Cause of Loss under the BI form excludes losses caused directly or indirectly by water that backs up, overflows, or is discharged from a sewer. Accordingly, the CL form provides an explicit exclusion precluding business-income coverage from a sewer backup.

Winfire counters that Covered Cause of Loss should be understood to simply mean "a loss that is covered under this policy." Because sewer backups are covered under the GP Endorsement in the Policy, Winfire argues that it is therefore entitled to coverage for the loss of business income resulting from the sewer backup. First, as discussed, Covered Cause of Loss—as used in the BI form—gets its meaning by reference to the CL form. Winfire's proposed interpretation of Covered Cause of Loss would require ignoring Section A.3 of the BI form and the CL form's unambiguous exclusion for sewer backups. That interpretation runs contrary to our duty to give meaning and effect to each word of an insurance policy, as much as practicable. See *Klapp*, 468 Mich at 467.

Second, Winfire's argument misunderstands the scope of the GP Endorsement's sewer backup coverage. The GP Endorsement amended coverage in various respects to the Building and Personal Property Coverage Form, the BI form, and the CL form. Relevant here, the GP Endorsement provides:

### 46. Sewer Backup

The following is added to **A. Coverage**, Paragraph **4. Additional Coverages** of Building and Personal Property Coverage Form CP 00 10:

---

[1] We agree with Winfire that Mass Bay's cited authority, *USA Jet Airlines v Schick*, 247 Mich App 393, 395-396, 402; 638 NW2d 112 (2001), does not hold that capital letters in a contract term, as a matter of law, reference a separate provision or document within a policy. In any case, for the reasons we discuss, the consistent use and capitalization of Covered Cause of Loss in the Policy gave meaning to the phrase and referenced other documents.

[2] Winfire stresses that Covered Cause of Loss is not in quotation marks throughout the Policy. As Winfire notes, the BI form states that "words and phrases that appear in quotation marks have special meaning" and refers to a Definitions section of the Policy. The fact that Covered Cause of Loss does not contain quotation marks, however, does not mean it lacks a particular meaning or usage in the Policy. Nor does the Policy state that any phrase *not* in quotation marks must have no special meaning.

**Sewer Backup**

(1) We will pay for direct physical loss or damage to Covered Property at the described premises, solely caused by or resulting from water or waterborne material carried or moved by water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment. The term drain includes a roof drain and its related fixtures.

This sewer backup amendment was added to "Additional Coverages" in the "Building and Personal Property Coverage Form"; it was not added to the BI form. That change explains why Mass Bay covered the "direct physical loss or damage" to Winfire's property that resulted from the sewer backup. But the GP Endorsement did not amend the sewer backup exclusion referenced in the CL form that precludes coverage for business-income losses. Indeed, the fact that the GP Endorsement's provision regarding sewer backups explicitly mentions amending the Building and Personal Property Coverage form, but not the BI form or the CL form, shows that the amendment did not affect the exclusion of business-income coverage for losses resulting from sewer backups.

For these reasons, the Policy unambiguously excluded coverage for Winfire's business-income losses stemming from the July 2020 sewer backup. We must enforce "clear and specific exclusions" as written. *Auto Owners Ins Co*, 310 Mich App at 146. We therefore reverse the trial court's judgment for Winfire and remand for entry of an order granting summary disposition for Mass Bay. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett